MURRAY ADDISON, Administrator d. b. n. c. t. a. of JAMES L. ADDISON *vs.* M. ELIZABETH ADDISON.

MARGARETTA ADDISON, and others *vs.* M. ELIZABETH ADDISON.

WOODBURY WHEELER, and Wife *vs.* MARGARETTA ADDISON, and others.

*Construction of a Will—Payment of a Legacy by Contribution from Devisees and specific Legatees—Real estate decreed to be Sold for the payment of a Legacy, in default of its payment by the Devisees and specific Legatees.*

James L. Addison, late of Prince George's County, by his will executed on the 9th of December, 1864, and admitted to probate, devised as follows : "I give, devise and bequeath in fee-simple to my brother, Anthony Addison, and to my sisters, Margaretta Addison and Harriet M. Bayne, equally, share and share alike, my farm called 'Cole Brooke,' on which I reside.  *  *  *  But my sister Harriet is not to derive any benefit therefrom during the life-time of my wife, the right of enjoyment of her third part or of participating in the

profits thereof, to commence from the day of the death of my wife. I give, devise and bequeath to my wife, Betty, in lieu of her dower in my lands, and all her rights as widow, in my estate, $5000, to be paid to her within two years, with ten per cent. interest on the said $5000, from the date of my death, absolutely to be held as her own individual property. ❋ ❋ ❋ The share in 'Cole Brooke,' which I have devised to my sister, Harriet M. Bayne, to take effect after the death of my wife, I desire shall be equally enjoyed, share and share alike, by my brother Anthony and my sister Margaretta, during the life-time of my wife. ❋ ❋ ❋ All the rest and residue of my real estate, (Texas lands,) I give, devise and bequeath to my brother, Anthony Addison, and Wm. Meade Addison, equally, share and share alike. ❋ ❋ ❋ ❋'' Anthony Addison was named as executor, and took upon himself the administration of the estate. The codicil, executed on the same day, bequeathed all the personal property of the testator to his brother, Anthony, and his sister, Margaretta, with the exception of some special bequests. On the 20th of August, 1870, the interest of Mrs. Bayne under the will, was transferred to Woodbury Wheeler in trust for his wife. The executor died before passing an account. On the 29th of December, 1870, during the life of the executor, Wheeler and wife filed their bill of complaint against Anthony, Margaretta, and Mary E. Addison, for an account and settlement of the personal estate of James L. Addison, and to have the real estate sold, if decreed to be liable for debts and legacies, and the proceeds invested for the protection of the estate thereafter to vest in the complainants. The bill charged that neither the legacy to the widow, nor the interest, nor any part thereof, had been paid; that besides the personal estate left by the testator, there was nothing in the jurisdiction of the Court, except the "Cole Brooke" estate, liable therefor, which estate was annually depreciating in value, and the interest and estate conveyed to Mrs. Wheeler would be lost beyond recovery, and absorbed by the legacy, should it be held liable for its payment, except by the interposition of the Court. Anthony Addison as executor of James, and Anthony and Margaretta Addison devisees of the real estate, by their answer admitted the will and codicil, and that there was no other property of the testator within the jurisdiction of the Court to pay legacies; they alleged that some small payments had been made to the widow on account of her legacy; and the executor alleged that he had passed no account because there were no debts to be paid; that all the personal estate (except a few specific legacies enumerated in the codicil) had been bequeathed to his sister and himself, who were in the joint occupation, possession and enjoyment of the same. They denied that the estate called "Cole Brooke" was deteriorating in value, and alleged that there was no ground for the apprehension that the interests of the complainants would be absorbed by the

Addison, Adm'r *vs.* Addison. Wheeler & Wife *vs.* Addison, *et al.*

payment of the legacy, and that the complainants had not offered to pay any part of the said legacy or the interest provided for in the said will. The respondents denied that the personal property was primarily or proportionally liable for the payment of the legacy of $5000. Mrs. M. E. Addison, the widow of the testator, answering, insisted that "Cole Brooke" was responsible for the sum devised to her, and if not a charge on the land, the personal estate was liable therefor; and if neither was chargeable or liable expressly, yet as she did not renounce the will and claim her dower and thirds she had as widow, a valid claim in equity against the estate of the testator for the sum of $5000, with interest. Anthony Addison, executor, and one of the devisees, having died, his widow and heirs-at-law, and Murray Addison, administrator d. b. n. c. t. a. were made parties. The administrator d. b. n. submitted to account, and the heirs-at-law relied on the answer of their intestate, Anthony Addison, previously filed. Evidence was taken by complainants and defendants under commissions, and the cause having been submitted the Court passed an order referring the case to the auditor, directing an account to be stated. Subsequently, Mrs M. E. Addison, widow of the testator, filed her petition alleging that there was a large sum due her amounting to about $7000, as legatee under the will of her husband, and praying that so much of the real estate lying in Prince George's County, as might be necessary to pay the amount chargeable on the same, might be sold. HELD:

1st. That by this petition of the widow, the whole character of the proceedings was changed; from being a question between volunteers, devisees and legatees, as to the fund primarily liable for the payment of the legacy, it became a question as to the right of a *quasi* creditor to enforce her lien on the whole estate chargeable therewith.

2nd. That the legacy to the widow was "in lieu of her dower" in the lands, "and all her rights as widow" in the estate of her husband, constituting her in equity, a creditor of the deceased to that extent.

3rd. That the real and personal estate having been both specially devised, they must contribute *pro rata*, according to their respective values, to the payment of the legacy.

4th. That in default of the payment of the sum found to be due to the widow, by the devisees and specific legatees, the estate called "Cole Brooke" should be decreed to be sold, and the proceeds thereof, after first paying the costs of sale, commissions, &c., should be applied to the payment of the legacy to the widow, and the residue divided between the devisees; Margaretta Addison, and the heirs of Anthony Addison, to enjoy the interest of Mrs. Bayne's share during the life of the widow.

APPEALS from the Circuit Court for Prince George's County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, GRASON and MILLER, J.

*Richard B. B. Chew* and *William H. Tuck*, for Margaretta Addison and others, and for Murray Addison, administrator, *d. b. n. c. t. a.*, of James L. Addison.

The intention of the testator is clearly manifested, that the legacy to M. Elizabeth Addison, with interest as required by the will, was to be paid by the devisees of "Cole Brooke," in equal proportions, and that the devise of that estate to them, was made upon the *implied condition* that they should pay the legacy and interest thereon as directed by the will, as a *personal debt*, to become due by them to the said M. Elizabeth Addison, upon their acceptance of the devise of the said estate.   The testator *expressly requests* that this estate shall continue in his family, and enjoins this wish upon his *devisees.*

It is clear, then, that he did not wish the "Cole Brooke" estate to be sold for the purpose of paying this legacy.   It is equally clear that he did not intend the personal estate to be applied to its payment, for in addition to its being entirely inadequate to pay it, he devised it all away. *McElfresh, Adm'r vs. Schley & Barr,* 2 *Gill,* 199 ; *Waters vs. Howard,* 1 *Md. Ch. Dec.,* 119 ; *Judd vs. Pratt,* 13 *Vesey,* 174 ; 2 *Roper on Legacies,* 390 ; *Barbour and Wife, et al. vs. Mitchell,* 40 *Md.,* 151.

The acceptance of the devise of "Cole Brooke," by the devisees thereof, imposed upon them the obligation to pay the legacy.   By their acceptance of the devise, they became personally bound to pay it.   *Glenn vs. Fisher,* 6 *Johnson's Ch.,* 33-35 ; *Jackson vs. Bull,* 10 *Johnson,* 20 ; *Spencer vs.*

*Spencer,* 4 *Md. Ch. Dec.,* 462; *Crawford vs. Severson,* 5 *Gill,* 445, 446; *West vs. Biscoe,* 6 *H. & J.,* 460.

Here the devisees of "Cole Brooke" take that estate clear of dower, by reason of the acceptance of the provisions of the will of James L. Addison, in her favor, by M. Elizabeth Addison, his widow.   Her right of dower to the extent of its value, was *paramount* to the husband's right to dispose of it to his devisees.

They must take the devise, if at all, subject to the provision made to her in lieu of dower.   The intention of the testator is as plainly manifested that they should pay the legacy, as if he had so said in *express* terms.   And if the intention be made to appear, the case is as clearly within the doctrine of election, as if express words of charge had been used by the testator.   They cannot accept the benefits and decline the burthen imposed by the will.   *Leading Cases in Equity,* 55, (*Law Lib.*), *English Notes,* 258 *to* 260, *top paging, American Notes,* 272 *to* 276, *top paging; McElfresh, Adm'r vs. Schley and Barr,* 2 *Gill,* 181; *Barbour and Wife vs. Mitchell,* 40 *Md.,* 161.

Woodbury Wheeler and wife, as assignees of Harriet M. Bayne, having accepted the devise in her favor, are bound to give full effect to the will as far as they can.   They cannot accept the benefit intended for them, and defeat any of the provisions of the will as to *any* of the other devisees. They are estopped from asserting a claim to have the personal estate devised to Anthony and Margaretta, applied to the payment of the claim of M. Elizabeth Addison, which, by *the manifest intent of the will,* the devisees of "Cole Brooke" are under a personal obligation to discharge to the extent of one-third thereof, by having accepted the devise. They must pay the legacy as a personal obligation, and failing to do that, the jurisdiction of this Court is clear to enforce it as a charge against the devised law.

It is clear that the testator intended the devisees of "Cole Brooke" to take that estate, upon the trust that

they should pay the legacy of $5,000 bequeathed to his widow, which exonerates the personal estate, and it would not be liable, even if the real estate were insufficient. *Spurway vs. Glynn,* 9 *Vesey,* 483; *Hancox vs. Abbey,* 11 *Vesey,* 179; *Gittins vs. Steele,* 1 *Swanston,* 24; *Evans vs. Cockeram,* 1 *Coll.,* 428; *Lockhart vs. Hardy,* 9 *Beavan,* 379.

And Mrs. Bayne's (now Mrs. Wheeler's) interest in that estate is liable for the third part of the said legacy. An implied condition is as binding as an express trust. *Crawford vs. Severson,* 5 *Gill,* 445; *Budd vs. Williams, et al.,* 26 *Md.,* 265.

If the authorities cited are not conclusive as to the exoneration of the personal estate and the legacy of Mrs. Addison is to be settled upon the principle of contribution, the personal estate having been given as *a whole* to Anthony and Margaretta, that makes it a *specific bequest,* and it is only liable to contribute rateably to the payment of the claim of Mrs. Addison, whether that claim be regarded as a debt or as a preferred legacy, by reason of her acceptance of that provision of the will, in lieu of her dower in the estate of the testator.

If her claim is to be considered upon the footing of a debt, it is insisted that it is not a simple contract debt, but a *specialty debt,* created by statute as a consideration for her dower, which she surrendered in accepting the provisions of a will, by which she gets nothing. In this view she is a purchaser *by statute* for a fair consideration to the extent of the value of her dower, and her claim is a *specialty or statutory* debt, and is entitled to contribution from all of the estates of the testator, specifically devised, the testator leaving no other property liable therefor.

But if the claim of Mrs. Addison is to be treated as a preferred legacy, it will only be preferred to other general legacies, and here there are none, there having been an *absolute* disposition of the *whole* personal estate to Marga-

retta and Anthony Addison, with the exception of a silver pitcher to Margaretta, and a watch to Murray Addison. *Durham vs. Rhodes & Wife, et al.*, 23 *Md.*, 233.

On the appeal of Margaretta Addison and the heirs of Anthony Addison, it is insisted, that according to the proper construction of the will, the personal estate ought not to have been applied to the payment of the widow's legacy.

If it was not the intention of the testator that the legacy to the widow should be paid by the three devisees of "Cole Brooke," and that each should pay one-third within two years, he certainly did not design that the personalty which he had given in the codicil should pay any part of the legacy.   He disposed of all his property without saying how or by whom the legacy was to be paid, and if it should be decided that, according to the rules of law and without reference to the intent, the personalty must be first applied, it can scarcely be doubted that the burden will be placed where the testator did not design it should fall.

These appellants objected to the apportionment of this debt, according to the auditor's accounts as ratified, because they are required to pay more than under the will they ought to pay.   The will declares that Mrs. Bayne is not to derive any benefit from her devise during the widow's life, the right of enjoyment or of participating in the profits, to commence from his wife's death.   In another clause he says the devise to Mrs. Bayne is to take effect after the death of his wife, and in the meantime her interest is to be enjoyed by Anthony and Margaretta.   It is very clear that the testator intended greater benefits to Anthony and Margaretta than to Mrs. Bayne.   Of course the duration of this greater benefit was uncertain, depending upon the duration of the life of another.   How was this greater enjoyment to be had?   As long as the land remains in the family neither Mrs. Bayne nor her assignee can claim any present interest.   Anthony and Margaretta hold that

undivided third part as tenants *pur autre vie*. If the legacy were paid, and the land were decreed to be sold for partition, Mrs. Wheeler's third would be invested during Mrs. Addison's life, and Anthony and Margaretta would be entitled to the interest on the investment, and the same would be the case if the land were held liable and sold for the payment of the legacy, that is, in the remainder of the proceeds, after paying the legacy, Mrs. Wheeler would have no participation until the widow's death.

According to the accounts and decree, Anthony and Margaretta, each are to pay $2,288.77, besides $1,637.98 of the personalty, all of which was left to them, except a watch and silver pitcher, making $6,215.52, exclusive of $939.75, before paid by the estate of Anthony, making in all, paid and to be paid by them, $7,115.27, while Mrs. Wheeler, who has paid nothing, has to pay only $1,209.26. No one can for a moment suppose that the testator intended any such inequality in the division of his estate, and payment of the legacy. Instead of making his brother, with a large family, and his unmarried sister, the preferred objects of his bounty, it gives the preference to the assignee of Mrs. Bayne, and throws the burden on the others. The accounts stated according to the order of the Court, are erroneous, and account E ought to be ratified; by this account each devisee is charged with a third of the legacy, making to Miss Margaretta, $2,679.15; to Mrs. Wheeler the same amount, and to the heirs of Anthony, $1,724.23, which, added to what they have already paid the widow, will make one-third of the legacy and interest, equal to the sum charged to the others.

*Woodbury Wheeler* and *Daniel Clarke*, for Wheeler and wife.

The devise of $5000 with interest, as provided by the will, having been made in lieu of dower to Mrs. M. Elizabeth Addison, and she not having renounced the will, to

the  extent  of  one-third  of  the  excess  of  the  whole  assets,
over  the  debts  and  costs  of  administration,  she  became  a
purchaser  or  *quasi*  creditor.     *Dugan vs. Hollins*, 11  *Md.*,
41 ;  *Chew, Exc'r vs. Farmers' Bank of Md.;* 9 *Gill*, 361 ;
*Collins, Adm'r vs. Carman, Exc'r*, 5  *Md.*, 503 ;  *Griffith
vs. Griffith*, 4  *H.  & McH.*, 101 ;  *Coomes vs. Clements*, 4  *H.
& J.*, 480 ;  *Durham vs. Rhodes*, 23 *Md.*, 233 ;  *Thomas vs.
Wood*, 1  *Md. Ch. Dec.*, 296 ;  *Power vs. Jenkins*, 13 *Md.*,
443.

This  being  a  general  legacy  to  the  widow  in  lieu  of
dower,  and  accepted  by  her,  stands  upon  a  different  foot-
ing  from  other  legacies.    It will  be  entitled  in  the  pay-
ment  of  it  to  a  preference  over  other  legacies,  even  where
the  amount  of  bequests  exceeds  the  value  of  her  dower.
*Durham vs. Rhodes*, 23  *Md.*, 243 ;  1  *Roper on Legacies*,
297, 298;  *Blower vs. Morret*, 2 *Vesey, Sr.*, 420 ;  *Burridge
vs. Bradyl*, 1 *P. Williams*, 127.

In this  case  however,  the  bequest  to  the  widow  does not
exceed  her  rights  of  dower,  and  she  is  a  purchaser  of  that
which  she  takes  under  the  will  with  a  fair  consideration.
*Snively vs. Beavans*, 1 *Md.*, 223 ;  *Gibson vs. McCormick*,
10 *G. & J.*, 67, 113, 114 ;  *Mantz vs. Buchanan*, 1 *Md. Ch.
Dec.*, 205.

No  fund  being  provided  for  the  payment  of  the  legacy
to  the  widow,  and  she  being  a  purchaser  for  value,  or  a
*quasi*  creditor,  the  rule  for  marshaling  assets  will  be  ap-
plied  in  paying  the  legacy,  and  the  personal  estate  is
primarily  liable,  and  there  then  being  no  lands  devised  to
be  sold  for  the  payment  of  debts,  or  lands  descended,  the
estates  specifically  devised  are  liable  after  the  exhaustion
of  the  personalty.    *Chase vs. Lockerman*, 11 *G. & J.*, 185 ;
*Dugan vs. Hollins*, 11 *Md.*, 67 ;  1 *Roper on Legacies*, 257,.
418, 481 ;  *Mitchell vs. Mitchell*, 21 *Md.*, 254 ;  *Williams on
Executors*, 1044.

In  ascertaining  the  amount  of  the  personal  estate,  liable
to  the  payment  of  the  bequest  of  five  thousand  dollars,

and against whom the decree should pass, no account having been passed by Anthony Addison, executor of James L. Addison, with the Orphans' Court, Murray Addison and Sallie C. West, administrators of Anthony Addison, to whom letters have been granted, are the proper parties to pass an account, showing the condition of the estate of James L. Addison, in the hands of Anthony Addison, executor, at the time of the death of Anthony Addison.

Whatever portion of the estate of James L. Addison has been administered, and has not been properly applied, the decree should go against the administrator of Anthony Addison, for the payment of the same to the widow, or if they have not assets, then M. Elizabeth Addison must risk her remedy on the bond of Anthony Addison. With the sum with which Anthony Addison was chargeable, as applicable to the payment of this legacy, the legacy should be credited as of the date of thirteen months from the grant of letters to Anthony Addison.

If the estate of James L. Addison was fully administered during the life-time of Anthony Addison, then Murray Addison, as administrator *d. b. n.*, of James L. Addison, would not be chargeable with the balance due on the account of Anthony Addison, executor of James L. Addison, but he should be properly chargeable only with such goods, chattels and credits of the testator, James L. Addison, as remain in specie, and are capable of being distinguished as the property of said testator. *Hagthorp & Wife, et al. vs. Hook's Adm'rs, d. b. n.,* 1 *G. & J.,* 274 ; *Hagthorp vs. Neale & Hook,* 7 *G. & J.,* 13 ; *Neale vs. Hagthorp,* 3 *Bland,* 551.

The evidence shows that the real estate, "Cole Brooke," is the only real estate belonging to the late James L. Addison, which can be made to contribute, or is chargeable with the payment of the balance of said legacy of $5000, remaining due, after applying the personal estate

of James L. Addison, primarily towards its payment.
By the will of James L. Addison, this real estate was
devised to Anthony Addison, and his sisters, Margaretta
Addison and Harriet M. Bayne, who conveyed her interest
to Clara Wheeler.

"Harriet is not to derive any benefit during the life-
time of the testator's widow, the right of enjoyment of
her third part, or of participating in the profits thereof,
to commence from the day of the death of his wife."

"The share in 'Cole Brooke' which he devised to his
sister, Harriet M. Bayne, to take effect after the death of
his wife, he desired should be equally enjoyed, share and
share alike, by his brother Anthony and his sister Mar-
garetta, during the life-time of his wife."

Anthony Addison, or his heirs, are therefore entitled in
fee-simple, to one undivided third part of "Cole Brooke."
Margaretta Addison is also entitled, in fee-simple, to one
undivided third part ; and Anthony Addison, or his heirs,
and Margaretta Addison, are also entitled as tenants,
during the life-time of M. Elizabeth Addison, of the other
third.

The payment of $5000 with interest, less the amount to
be paid out of the personal estate, is a charge upon "Cole
Brooke" until paid, and as such, its proportionate part
with interest, is a charge upon the one-third held by
the aforesaid parties during the life of M. Elizabeth
Addison.

Margaretta Addison and the representatives of Anthony
Addison should be charged with the interest on the said
legacy, so long as they enjoy the whole estate, and take
the profits and proceeds of the said estate, upon the
ground that the particular tenant or tenant for life, must
keep down the interest of the debt with which the estate
is encumbered.   *Williams' Case,* 3 *Bland,* 244, 245, and
cases cited ; *White vs. White,* 9 *Ves.,* 560 ; *Revel vs. Wat-
kinson,* 1 *Ves. Sr.,* 93.

Woodbury Wheeler and Clara Wheeler, his wife, should be only chargeable with one-third of the principal of the legacy remaining due after applying the personal estate towards its payment, less this sum, being the value of the encumbrance on this share for the life of M. Elizabeth Addison at the time of the passage of the decree for sale, or at the time of payment.

If however, the tenants *pur autre vie* are not to be charged with keeping down the interest, but the indebtedness of the several legatees, on the principle of *contribution*, is to be determined as of the time when the legacy is payable, then the principle is right that Clara Wheeler and her husband must only contribute in the proportion of one-third, less the value of the encumbrance on this share for the life of M. Elizabeth Addison.

The estates specifically devised, contribute equally to the payment of the residue of the five thousand dollars remaining due, with interest, after applying the personal estate towards its payment.

Anthony and Margaretta Addison take an estate *pur autre vie*, (viz., the life of M. Elizabeth Addison,) in one-third of "Cole Brooke." They must contribute their proportion from this estate devised. Clara and Woodbury Wheeler take an estate in fee with this life estate carved out of it. The value of this estate being determined by the rules for valuing life estates to be three-eighths, whatever portion is chargeable against this one-third, must be borne by the parties in the proportions in which they are entitled, based upon the estimation of the value of the life estate, and the estate in remainder.

*Frederick Stone*, for Mrs. M. Elizabeth Addison.

BOWIE, J., delivered the opinion of the Court.

James L. Addison, late of Prince George's County, Maryland, on the 9th of Dec., 1864, made and executed

his will, duly attested to pass real estate, in which he devised as follows :   ''I give, devise and bequeath in fee-simple, to my brother Anthony Addison, and to my sisters Margaretta Addison and Harriet M. Bayne, equally, share and share alike, my farm called ' Cole Brooke ' on which I reside, containing about three hundred and seventy-five acres of land.   But my sister Harriet is not to derive any benefit therefrom during the life-time of my wife, the right of enjoyment of her third part, or of participating in the profits thereof, to commence from the day of the death of my wife.

'' Item.—I give, devise and bequeath to my wife Betty, in lieu of her dower in my lands, and all her rights, as widow, in my estate, five thousand dollars, to be paid to her within two years, with ten per cent. interest on the said five thousand dollars from the date of my death, absolutely to be held as her own individual property.   I make this provision believing it to be that which will be most satisfactory to her as well as best for her interest.

'' Item.—The share in ' Cole Brooke ' which I have devised to my sister Harriet M. Bayne, to take effect after the death of my wife, I desire shall be equally enjoyed, share and share alike, by my brother Anthony and my sister Margaretta, during the life-time of my wife. * * * * It is my wish that ' Cole Brooke ' shall continue in the family always, and hope that my devisees will remember my wishes.   But this rests with themselves, the property is theirs, absolutely in fee-simple.

''Item.—All the rest and residue of my real estate, (Texas lands) I give, devise and bequeath to my brother, Anthony Addison and William Meade Addison, equally, share and share alike, with the request that should the Texas lands ever become valuable, they will give to Daniel D. Addison, one-fourth their value.

'' Lastly.—I appoint my brother, Anthony Addison, sole executor of this my last will and testament.''

Subsequently, the testator, made a codicil, as follows:

"As a codicil to my will, I devise and bequeath as follows:

"To my brother, Anthony Addison, and to my sister, Margaretta Addison, all my personal property. What money Betty may have on hand I wish her to retain after paying my funeral expenses, which I beg may be very plain. What money may be due me from—Government on account of salary, I give and bequeath to my sister Margaretta.

"The silver pitcher presented to my late sister Betsey, by Mrs. Taylor, (and left to me,) I desire Margaretta to have. My gold watch I desire to be given to my nephew Murray Addison. Whatever amount may be derived from—Government on account of the slaves that belonged to my wife Betty, I wish her to have and the amount derived from my slaves * * * is to be divided equally between my sisters Harriet Bayne and Margaretta Addison. And I do hereby ratify and confirm my will, etc."

On the 20th of August, 1870, the interest of Mrs. Bayne under the will, was transferred to Woodbury Wheeler, one of the complainants, in trust for his wife, Mrs. Wheeler.

The testator being dead, Anthony Addison presented the will for probate, obtained letters testamentary, but passed no account, having died before the account which was being prepared, was finally adjusted.

During the life of the executor, to wit: on the 29th December, 1870, Wheeler and wife filed their bill in equity, against Anthony, Margaretta and Mary E. Addison, for an account and settlement of the personal estate of James L. Addison, and to have the real estate sold, if decreed to be liable for debts and legacies, and the proceeds invested for the protection of the estate thereafter to vest in the complainants.

It is charged by the complainants, that neither the legacy to the widow, nor the interest, nor any part thereof, has been paid ; that besides the personal estate left by the testator, there is nothing in the jurisdiction of the Court, except the "Cole Brooke" estate, liable therefor ; which estate was annually depreciating in value, and the interest and estate conveyed to Mrs. Wheeler, would be lost beyond recovery, and absorbed by the legacy, should it be held liable for its payment, except by the interposition of the Court.

The respondents, Anthony Addison as executor of James, and Anthony and Margaretta Addison, devisees of the real estate, by their answer admit the will and codicil, as above set forth ; and that there was no other property of the testator within the jurisdiction of the Court to pay legacies ; they allege some small payments had been made to the widow on account of her legacy, and the executor alleges, that he had passed no accounts, because there were no debts to be paid ; that all the personal estate, (except a few specific legacies enumerated in the codicil,) had been bequeathed to his sister and himself, who were in the joint occupation, possession and enjoyment of the same.

They deny emphatically, that the estate called "Cole Brooke" is deteriorating in value, but allege, although there is a general depression in real estate at present, which would render a sale most injurious to the interests of all concerned, the property is so favorably situated, (being *within three miles of Washington City,*) it must speedily attain its former value, and exceed it greatly ; hence there is no ground for the apprehension that the interests of the complainants will be absorbed by the payment of the legacy, and the complainants have not offered to pay any part of the said legacy, or the interest provided for in said will.

The respondents deny that the personal property is primarily or proportionally liable for the payment of the

legacy of $5000, for it is manifest from the codicil, that it was not intended to require the payment of the legacy out of the personal property therein mentioned. They admit the testator had some undivided interests in lands in Texas, but the quantity and value thereof was unknown ; part of said lands were devised to Wm. Meade Addison, who it is insisted ought to have been made a defendant.

Mrs. M. E. Addison, widow of the testator, in her answer insists, that "Cole Brooke" is responsible for the sum devised to her, and if not a charge on the land, that the personal estate is liable therefor ; and if neither is chargeable nor liable expressly, yet as she did not renounce the will, and claim her dower and thirds, *she has, as widow, a valid claim in equity, against the estate of the testator, for the sum of* $5000, *with interest.*

Anthony Addison, executor and one of the devisees having died, his widow and heirs-at-law, and Murray Addison, adm'r *de bon. non, c. t. a.,* of Jas. L. Addison, were made parties. The adm'r *b. b. n.,* submits to account, and the heirs-at-law rely on the answer of their intestate, Anthony Addison, previously filed.

Evidence having been taken by complainants and defendants, under commissions duly executed and returned, the cause was submitted to the Court below, by which an opinion was filed, and an order passed referring the case to the auditor, directing an account to be stated upon certain principles set out in the opinion, substantially as follows : The complainants have a right to the aid of the Court to enforce the payment of the legacy, the personal estate being insufficient and the land depreciating.

The personal estate is to be first applied to the payment of the legacy, which being insufficient, the deficit must be supplied from the proceeds of the land in Maryland.

The auditor, stated accounts A, B, C, D, in conformity with the instructions of the Court, which coming to be heard upon exceptions filed by the defendants, Murray

Addison, adm'r *d. b. n.*, and Margaretta Addison and the heirs-at-law of Anthony Addison, were ratified and confirmed by final decree of the Court, on the 21st of October, 1874, and the defendant Murray Addison, adm'r *d. b. n.*, is adjudged to be indebted to the defendant, M. Elizabeth Addison, in the sum of $1637.98 with interest, as appears by account F, and the children and heirs-at-law of Anthony Addison, are adjudged to be indebted to the widow, M E. Addison, $2288.77 with interest, as appears per account G, and Margaretta Addison is adjudged to be indebted to the same in a like sum of $2288.77 with interest as per said account G, and the complainants, Wheeler and wife, are indebted to said M. Elizabeth Addison, $1209.26 with interest as per said account G, which sums the respective defendants and complainants were required to pay on or before the 1st of December next, and in default thereof, the real estate called "Cole Brooke," was decreed to be sold for payment of their proportions of said legacy.

In the interval between the interlocutory order and the final decree, Mrs. M. Elizabeth Addison, widow of James, filed her petition in the cause, alleging there was a large sum due her, amounting to about $7000, as legatee, under the will of her husband, which was conceded by all parties; that she was without the means of support; that she had prepared a bill to enforce the payment of her legacy, but had waited the result of this case, to see if the Court would not decree a sale of property sufficient to pay her claim, but does not feel called upon to wait the decision of the questions which have arisen between the parties; she therefore prayed the estate lying in Prince George's County might be sold, etc.   No further action seems to have been had on this petition beyond setting it for hearing on the 21st July following; there being no order or decree passed on the same, the petitioner could not appeal.   On the 26th June, 1874, subsequent to the interlocutory order,

filed by the Court, an account, marked E, was stated by the auditor, at the instance of the defendants, Margaretta Addison, and the widow, heirs and representatives of Anthony Addison, deceased, distributing the claim of M. Elizabeth Addison, against Margaretta Addison, Mrs. Bayne, or her assignee, and the heirs of Anthony Addison, without reference to the personal estate, charging each of the devisees or their representatives with one-third of the legacy, and interest thereon.

Exceptions were filed by the complainants to this account, because it assumed to charge them with one-third of the legacy to Mrs. M. Elizabeth Addison, widow of James, and charges them with interest on the same. Appeals were prayed from the decree, by Murray Addison, adm'r d. b. n. of Anthony Addison, and by Margaretta Addison, Murray Addison, Sally C. West, Kate L. Addison, Olivia C. Addison, Osborne Ingle and Mary Ingle, his wife, Arthur D. Addison, and Anthony C. Addison, and by the complainants, Wheeler and wife, "in so far as the same overrules the exceptions of the complainants to the auditor's report, filed in the above cause on the 14th of May, 1874, and accounts A, B, C and D, filed therewith." The defendants, Murray Addison and Sally C. West, adm'rs of Anthony Addison, and others, excepted to the jurisdiction of the Court below, to pass any decree upon the bill filed in this case, because they say the real estate called "Cole Brooke" was devised to the said Anthony, Margaretta and Harriet M. Bayne, (to whose interest in said estate the complainants claim to have succeeded) in fee, by the said James L. Addison, with the proviso, however, that the said Harriet M. Bayne was to derive no benefit from the said devise, etc., during the life of M. E. Addison, who is still alive, etc., and the complainants have no right to implead them in this suit.

2nd. The defendants allege the complainants' bill does not contain any allegations, in respect of which the Court

can decree a sale of the real estate, and that the said bill is defective for want of parties.

3rd.  That the averments therein·contained, in reference to the alleged deterioration in value of said real estate are vague and uncertain, etc.

4th.  Because, the whole personal estate of the said Jas. L.·Addison, with the exception of a few specific legacies, etc., was bequeathed to the said Anthony and Margaretta Addison, and no suit will lie at the instance of the complainants, who are neither creditors nor legatees, to ask or demand of the executor or administrator *d. b. n.* of the said Jas. L. Addison any account of the said personal estate.

These exceptions do not appear to have been directly disposed of, but they are virtually overruled by the subsequent orders and decree of the Court.

It is not necessary to decide whether the complainants, Wheeler and wife, have alleged in their bill, facts which will authorize them to sustain it on the principles of a bill *quia timet* as laid down by the writers on Chancery Practice.

The record shows that pending the proceedings between the interlocutory and final decree, on the 26th of June, 1874, Mrs. M. E. Addison, widow of James, the testator, changed her attitude in this case, and from a defendant, became virtually complainant, praying that so much of the real estate of her late husband, as may be necessary to pay the amount chargeable on the same may be sold.

This petition changed the whole character of the proceedings, and invoked an entirely new rule of action.

Before, it was a question between volunteers, devisees and legatees, as to the fund primarily liable for the payment of the legacy ; now it is a question as to the right of a *quasi* creditor to enforce her lien on the whole estate chargeable therewith.   Both appellants and appellees, the representatives of Anthony Addison and Margaretta

Addison, admit the legacy is a lien on the land by implication.

By the appellants it is insisted, that there is a plain intent that the testator intended the devisees of "Cole Brooke" to take that estate *upon the trust that they should pay the legacy of $5000 to his widow, etc.*

This is not the case of an express charge of the legacy on the real estate, or an express exoneration of the personal, but the Court is left to gather from the face of the will and codicil, from which fund the legacy is payable, whether it is a personal debt, imposed on the devisees, or a lien on the lands devised, or chargeable generally on the personal and real estate.

The legacy of $5000 to Mrs. M. E. Addison, is " in lieu of her dower " in the lands, " and *all her rights as widow*" in the estate of her husband, constituting her in equity, a creditor of the deceased to that extent.

Devisees and specific legatees would be alike liable to contribute to the payment of such a claim, at the suit of the widow.

The rule laid down by Lord THURLOW, in the case of the *Duke of Ancaster vs. Mayer*, 1 *Bro. C. C.*, 454, 1 *Lead. Cases in Equity*, 415, that the personal estate of the testator, is the primary fund for the payment of debts, *unless it be exempted by express words or manifest intent*, is adopted generally in the United States and in Maryland. It is said, after a very full review of all the cases, "the final result of the discussions has been, that unless the personalty, although specifically bequeathed, be expressly or clearly exonerated by other parts of the will, a charge upon the lands will not have that effect." 1 *White's Eq. Cases*, 492. As between the creditor, and devisees and legatees, the application of this rule is comparatively easy. The creditor comes in by paramount right, he is entitled to be preferred by law to volunteers, and the law having cast the liability primarily on the personal estate, in favor

202 MARYLAND REPORTS.

Addison, Adm'r vs. Addison. Wheeler & Wife vs. Addison, et al.

of the heir, in cases of descent, by analogy has applied the same rule in favor of the devisee of real estate.

But, as between devisees and legatees, both *being volunteers*, the degree of demonstration of intention, which will discharge or exonerate a legatee of the personalty, and cast the lien on the devisee of lands, is difficult to define.

Like all other dispositions by will, it must be controlled by the expressions of the testator's purpose, as indicated by the whole instrument.

In *Chase vs. Lockerman*, 11 *G. & J.*, 202, it is said: "The principle established by Lord Chancellor COWPER in the case of *Long vs. Short*, is sanctioned in a note to be found in 3 *Woodeson's Lectures*, 534, where it is said, "as to debts by specialty, specific devisees of freehold and leasehold estates, seem to be on the same footing since the Statute of Fraudulent Devises, 3 *W. & M.*, *ch.* 14, and liable to contribute in equal proportions to the satisfaction of those debts." * * * Again, "according to the principles of the English law, equity will marshal the real assets descended to the heir, in favor of, or for the relief of specific legatees; but it will not for such purpose interfere with the lands devised, unless they were devised subject to the payment of debts. 3 *Johns. C. Rep.*, 153. That is to say, the lands devised, will not be made to release or exonerate the specific legatee, but they will be held *to contribute*." 203.

These citations are made with approbation, although not strictly necessary to the decision of the principal case, as furnishing a rule in cases corresponding in some of its features.

The reason assigned for the rule is based on strong sense. "The Lord Chancellor said, it would equally disappoint the intention of the testator, to defeat either devise, by subjecting it to the testator's debts; and therefore he held, that on a deficiency of assets, both estates must contribute in proportion to the value of their respec-

Addison, Adm'r *vs.* Addison.    Wheeler & Wife *vs.* Addison, *et al.*

tive premises," per KENT, Chancellor, in 3 *John. C. Rep.*, 158. The real and personal estate being both specifically devised in this case, they should be made to contribute *pro rata*, according to their respective values. No other rule would gratify the intention of the testator, or do more substantial justice between the parties.

A different mode of adjustment having been adopted by the learned Judge below, it follows that the decree, and the accounts thereby ratified and confirmed, are reversed and set aside, and the proceedings remanded, that an account may be stated in conformity with the principles herein set forth ; and in default of the payment of the sum so found due to Mary E. Addison, widow, by the devisees and specific legatees, that the estate called "Cole Brooke," be decreed to be sold, and the proceeds thereof, after first paying costs of sale, commissions, etc., be .applied to the payment of the legacy to said M. E. Addison, and the residue divided between the devisees ; the heirs of Anthony Addison and Margaretta, to enjoy the interest of Mrs. Bayne's share, during the life of the said M. E. Addison.

The accounts adopted and ratified by the decree below, having been stated upon principles which have been pronounced erroneous, by the opinion of this Court, it is unnecessary to review the specific exceptions of the complainants, Wheeler and wife to said accounts, upon their appeal. The decree is reversed in all the cases, and the costs are to be paid equally by the appellants.

*Decree reversed, and
cause remanded.*

(Decided 2nd March, 1876.)