FIRST NATIONAL BANK, EXECUTOR, ET AL. *v.* HESSONG ET AL.

[No. 12,220.   Filed October 27, 1925.]

1.  WILLS.—*Rule stated as to preferences among general legacies when there is deficiency of assets to pay them all.*—When there is a deficiency of assets to pay all general legacies, they abate *pro rata* and there is no preference among them, but this rule does not apply to any gift for which there was a consideration, such legacy being entitled to a preference in payment over general legacies which were mere bounties.   p. 535.

2.  WILLS.—*Presumption that testator intended that all general legacies should be paid in full.*—In construing a will contain-

ing general legacies, it is presumed that the testator intended they should all be paid in full, but such presumption is not absolute, and comes into play only when the circumstances surrounding the making of the will warrant it.  p. 536.

3. WILLS.—*Cardinal purpose of construing a will is to ascertain testator's intention, considering the whole will.*—The cardinal doctrine in the interpretation of wills is to ascertain the intention of the testator, and this must be done from a consideration of the whole instrument.  p. 536.

4. WILLS.—*Will must be construed so as to give effect to all its parts, if possible.*—In construing a will, it is the duty of the court to give effect to all its parts, if possible.  p. 536.

5. WILLS.—*Testator presumed to know the law of wills, and to have known the effect of an insufficiency of assets to pay legacies in full.*—A testator is presumed to have known the law of wills, and to have known the effect of an insufficiency of assets to pay the general legacies in full.  p. 537.

6. WILLS.—*Legacy in payment for services had no preference over other general legacies when assets insufficient to pay all in full, because of direction in will that all should abate pro rata.*—A bequest to named legatees "in payment for the services and many acts of kindness" rendered by them to the testatrix was based on a consideration, and, ordinarily, would be paid in full in preference to legacies which were mere bounties, but, in view of a direction in the will that legacies should abate *pro rata* if estate was not sufficient to pay them in full, the rule was not applicable, and it was not preferred to other general legacies.  p. 537.

From Miami Circuit Court; *Frank O. Switzer*, Special Judge.

On exceptions to the final report of the First National Bank, executor of the will of Melvina Hessong, the court sustained the exceptions and ordered the amendment of the report.  From this order, the executor and others appeal.  *Affirmed.*  By the court in banc.

*Russell J. Wildman*, for appellants.

*Hal C. Phelps and Edgar P. Kling*, for appellees.

McMAHAN, J.—Melvina Hessong died August 20, 1922, leaving a will in which she first directed that her debts and funeral expenses be paid, and created a trust fund for the upkeep and maintenance of the graves of

herself and husband. In items four and five, she made bequests of certain articles of personal property. In item six, she bequeathed to Samuel E. and Edna Hessong, his wife, jointly, $4,000, "in payment for the services and many acts of kindness rendered by them" to herself and her deceased husband. In items seven, eight, nine and ten, she made bequests in cash to Lillie Hessong and others aggregating $3,000. Item eleven provided that all of the balance of her property, after being converted into cash, should be divided equally between Samuel A. and Lillie Hessong. Item twelve, after directing the executor to convert all her property except that specifically devised into cash, contained the following provision: "And after the payment of my just debts, the proceeds thereof divided as hereinabove set out; * * *. If my property remaining after the payment of my just debts should not be sufficient to pay the legacies herein provided for in full, then I direct that my Executor shall pro rate whatever is left among the various devisees herein as above provided."

Appellant bank, as executor, filed its final report, setting out the substance of the will, and, after showing that it was chargeable with a balance of $3,632.36, stated that the $4,000 bequeathed to Samuel E. and Edna Hessong was in payment for services which they had rendered her and her husband. That said amount was a reasonable compensation for such services and that said amount was a just debt of the decedent's estate. That said balance of $3,632.36 should be paid to Samuel and Edna Hessong jointly.

To this report, Lillie Hessong filed exceptions, in which she stated that she was one of the legatees named in said will, and that the final settlement report did not comply with the term of the will in that it did not make distribution as provided by said will.

Appellants reserved exceptions to the overruling of

their demurrers to the exceptions, and to the sustaining of demurrers to certain answers filed by them, but, in view of the fact that the cause was tried on an agreed statement of facts in which it was agreed that the report and exceptions correctly stated the facts, we need give no consideration to the contention that the court erred in ruling on the demurrers.

The court sustained the exceptions and ordered the executor to amend its final report so as to make distribution among the various devisees and legatees mentioned in items Nos. 6, 7, 8, 9 and 10 by *pro rating* the assets of said estate among the said various devisees and legatees. This appeal follows the overruling of appellants' separate motions for a new trial on the ground that the decision is contrary to law.

Appellants assume that the bequest to them is a debt of the decedent and that, both under the statute and under the provisions of the will, this legacy is entitled to a preference over the other legacies because it is a debt. Appellees contend that the $4,000 bequest in question is not a debt and is not entitled to a preference.

The testatrix had in mind not only that her estate might not be sufficient to pay all the legacies in full, but she also had in mind the possibility of there being more than enough to pay all the legacies. With these possibilities in mind, after making the general bequests of money aggregating $7,000 as set out in items Nos. 6, 7, 8, 9 and 10, she provided that the balance of her property, after being converted into cash, should be divided equally between appellant Samuel E. Hessong and appellee Lillie Hessong. Then to take care of the situation in case the estate was "not sufficient to pay the legacies herein provided for in full," she directed, in the last and closing sentence of her will, that her executor should *pro rate* whatever was "left among the various devisees herein as above provided." The nat-

ural construction of this provision is, as we think, that the testatrix intended thereby to place all of the legacies except the specific legacies, upon an equal basis, and that they should all be paid in full if her estate was sufficient to pay them, and if not that they should abate *pro rata*

We cannot agree with appellants' contention that the bequest to them is a debt and for that reason entitled to a preference over the legacies to appellees. There is merit, however, in appellants' contention that their legacy is based upon a valuable consideration, and if there is nothing in the will to show a contrary intention, such legacy is entitled to a preference over the legacies mentioned in Items seven, eight, nine and ten, inasmuch as the latter were mere bounties. In 2 Williams, Executors (7th Am. ed.) 669, after stating the rule that general legacies abate *pro rata* when there is a deficiency of assets, and that there is no preference among them, the author recognizes an exception to this rule in the following language: "But this must be understood as only among legatees, who are all volunteers; for if there be any valuable consideration for the testamentary gift, as where a general legacy is given in consideration of a debt owing to the legatee, or of the relinquishment of any right or interest, as of her dower by a widow, such legacy will be entitled to a preference of payment over the other general legacies, which are mere bounties; and it would seem that the preference will be allowed, though the bequest should exceed the value of the right or interest relinquished by the legatee. But it is requisite that the right or interest should be subsisting at the testator's death." To the same effect, see 3 Pomeroy, Equity Jurisprudence (4th ed.) §1142; *Matthews* v. *Targarona* (1906), 104 Md. 442, 65 Atl. 60, 10 Ann. Gas. 153.

The Supreme Court of Rhode Island, in speaking of

a legacy given in payment of a debt, said: "It is the settled rule of law that in such cases the legatee stands in a position analogous to a purchaser of value, and is entitled to a preference over volunteers, or legatees receiving only a bounty without prior pecuniary consideration; and in case of deficiency such a legatee is entitled to be paid in full as against ordinary general legatees, whose legacies shall abate if necessary." *Reynolds* v. *Reynolds* (1906), 27 R. I. 520, 63 Atl. 804. To the same effect, see *In re Schaaf's Will* (1923), 199 N. Y. Supp. 284, 120 Misc. Rep. 292.

Appellees, in effect, concede the general rule to be that a legacy founded upon a valuable consideration does not abate, but must be paid in full, though the assets are not sufficient to pay the general legacies in full, but they contend that it was the intention of the testatrix, as expressed in her will, that if her estate was insufficient to pay the legacies mentioned in items six, seven, eight, nine and ten of the will, they should all abate *pro rata*.

It is to be presumed that the will was drawn honestly and in good faith, and that, when the testatrix provided a legacy, she intended it should be paid.

2. Such presumptions are not absolute, but come into play only when the circumstances surrounding the making of the will give fair cause for the rise. *McGoldrick* v. *Bodkin* (1910), 125 N. Y. Supp. 101, 140 App. Div. 196.

Our duty is to construe this will so as to express the intention of the testatrix, and, in so doing, we must look to the whole instrument. *Kilgore* v. *Kilgore*

3, 4. (1890), 127 Ind. 276, 26 N. E. 56. The cardinal doctrine in the interpretation of all wills is to ascertain the intention of the testator. If the intention as expressed in one part of the will can be carried out without doing violence to the language of the will

as expressed in some other part, it is the duty of the court to construe it so as to give all parts effect. The intention of the testatrix when ascertained must control. These principles are so elementary that it is not necessary to cite any authorities in support of them.

In order to sustain appellants' contention, it would be necessary to ignore that part of item 12, heretofore quoted, providing that the legacies should abate pro rata if the estate, after the payment of the debts, was not sufficient to pay the legacies in full. If this provision had been omitted from the will, the balance of the assets in the hands of the executor would, under the law, have been applied to the payment of the legacy to appellants and the other general legacies, being mere bounties, would have abated. The testatrix is presumed to have known the law and to have known the effect of an insufficiency of assets to pay the general legacies in full.

We are forced to the conclusion that she inserted the provision in question with the intention of cutting down the bequest to appellants in the event her estate should not be sufficient to pay the general legacies in full. No other conclusion can be reached if we give any consideration to the last clause of the will.

Judgment affirmed. Cost of appeal taxed against appellants Samuel E. and Edna Hessong.