EASTERDAY *v.* EASTERDAY ET AL.

[No. 15,947. Filed November 2, 1937. Rehearing denied January 27, 1938. Transfer denied March 22, 1938.]

*Parker, Crabill, Crumpacker & May* and *Woodson S. Carlisle,* for appellant.

*Miller Guy* and *Jones, Obenchain & Butler,* for appellee.

Wood, J.—January 19, 1921, one John H. Easterday duly executed his last will and testament, which, omitting the description of certain tracts of real estate therein described, the signature and attestation clause, is in words and figures as follows:

"I, John H. Easterday, being of sound and disposing mind and memory, do make, declare and publish this to be my last will and testament:

"Item 1. I give and devise to my wife, Blanche E. Easterday, all personal property of which I die possessed.

"Item 2. I give and devise to my wife, Blanche E. Easterday, the following described real estate in St.

Joseph County and State of Indiana, to-wit: (describing forty acres of real estate) subject to the payment of one-half of any debts that I may owe at my death.

"Item 3. I give and devise to my wife, Blanche E. Easterday, to have, use and occupy, for and during the term of her natural life, the following real estate in St. Joseph County and State of Indiana, to-wit: (describing seventy acres, more or less, of real estate).

"Item 4. I give and devise, share and share alike, to my children, Elbert Easterday, Harold Easterday, Pearl Easterday Schermier, Alice Easterday and Otis Easterday, the following described real estate in St. Joseph County and State of Indiana, to-wit: (describing eighty acres, more of less, of real estate).

"Item 5. At the death of my wife, Blanche E. Easterday, from my estate then remaining, I give and devise to Charles G. Moon, son of my wife, a sum of money equal to one-fifth of the value of the farm lands devised to my children by Item Four of this will.

"Item 6. At the death of my wife, Blanche E. Easterday, from my estate remaining after all debts are paid and Item Five has been executed, then I give and devise the rest and residue of my property, share and share alike, to my children, Elbert Easterday, Harold Easterday, Pearl Easterday Schermier, Alice Easterday and Otis Easterday and Charles G. Moon, son of my said wife, subject to Item Seven hereof.

"Item 7. I give and devise to my said wife, Blanche E. Easterday, any and all real estate of which I die possessed and not specifically described by the previous items of this will.

"Item 8. Should any beneficiary under this will be under the age of twenty-five years at the time of my death, then I appoint the executor of this will as trustee to hold in trust for the use and benefit of said beneficiary or beneficiaries, all such bequests and the accumu-

lations thereof to be delivered to such beneficiary or beneficiaries upon arriving at the age of twenty-five years.

"Item 9. I appoint my said wife, Blanche E. Easterday, Executrix of this my last will."

John H. Easterday died July 15, 1935, leaving said will, which was duly admitted to probate, in full force and effect. All the legatees and devisees named and designated therein, except Charles G. Moon, who was a child of Blanche E. Easterday by virtue of a former marriage, survived him. Appellant, his surviving widow, did not file her election to take under the law instead of the will within the period of one year after the probate thereof as provided by Sec. 6-2332 Burns 1933, §3341 Baldwin's 1934, so she is conclusively presumed to have accepted the provisions made for her in the will. *Whitesell* v. *Strickler* (1906), 167 Ind. 602, 78 N. E. 845. She qualified as executrix of the will. Appellant was the second childless wife of the testator. The appellees Elbert Easterday, Harold Easterday, Otis Easterday and Pearl Easterday Schermier, named as devisees in item four of the will, are children of the testator by his first wife and are his only children. At the time of his death the testator left debts owing which together with the cost of administering his estate amounted to about $11,000. He left personal property of the estimated value of $7,500. He left no real estate other than that devised by his will. The estate is solvent. Inasmuch as Blanche E. Easterday by her conduct accepted and agreed to be bound by the terms of her husband's will, it is agreed, therefore, that she is personally liable under the terms of Item two of the will for the payment of one-half of his debts. It is agreed that the children of the testator, who are appellees here, are gratuitous devisees.

Since the estate is solvent, the final decision reached

in this controversy can in no way affect the rights of creditors. In other words, this is not a controversy between the surviving widow and creditors of the testator, but it is a controversy between the surviving widow and the other devisees named in his will. Its nature is stated in appellant's brief in the following language: "The real question at issue in this case, as between the widow and the other devisees, the children of the testator, is whether the one-half of the debts owed by the testator at his death, other than the one-half the widow is required to pay by Item 2 of the will, and the expenses of administration shall or shall not be paid from the personal property bequeathed to the widow. She contends that all of the property owned by the testator at his death, not devised and bequeathed to her, shall first be resorted to for the payment of the other one-half of the debts before any property bequeathed and devised to her may be resorted to for that purpose. On the other hand, the children of the testator contend, and the lower court held, that the personal property should first be resorted to for the payment of the remaining one-half of the debts, thus placing the burden for the payment of all of the testator's debts upon his widow."

For the purpose of settling this question, the appellee Blanche E. Easterday, executrix of the estate of John H. Easterday, deceased, filed her petition in the trial court, making herself as a natural person and all other co-appellees, parties defendant thereto, asking for a construction of said will. The petition sets out the preliminary facts as above summarized, a copy of the will and alleges further that "doubts have arisen and uncertainty exists as to the true intent and meaning of said will as to the payment of debts of said testator and as to the amounts and proportion in which said debts are made charges upon the real estate devised in said

will." The prayer is for a judgment of the court construing the will.

To this petition the appellant filed an answer, the material allegations of which may be summarized as follows: Blanche E. Easterday, as a natural person, and not as executrix of the last will, by her answer alleges that she is the widow of the deceased; that by his last will he bequeathed all of his personal property to her; that he devised a certain tract of land containing forty acres to her, but made the devise subject to the payment of one-half of any debts that he might owe at his death; that he devised to her an estate for the term of her natural life in seventy acres of other land; that by Item 4 of his will he devised to his children (naming them) a tract of land containing eighty acres, to each an undivided one-fifth part thereof; that by Item 6 the testator devised all the remainder of his estate, after the payment of all debts, and at the death of his wife, to his five children (naming them) and Charles G. Moon, her son by her first husband; that said Charles G. Moon died prior to the death of the testator and that by Item 7 he devised to his wife any and all real estate of which he might die possessed and not specifically described in the previous items of his will; that the testator left no other real estate than that specifically described in the will; that she had accepted the provisions of the will made for her benefit and that she had become liable to pay, and would pay, the one-half of the debts that the testator owed at his death and by so doing exonerate the estate from the payment of one-half of the debts. The prayer was that the other property owned by the testator at his death, aside from that bequeathed and devised to her, be ordered sold to make assets for the payment of the other one-half of the debts of the testator and the cost of administering his estate.

The testator's five children filed a joint answer, the material allegations of which may be summarized as follows: It alleged that by Item 1 of his will the testator bequeathed to his wife all the personal property which he might own at the time of his death; that by the second item of his will he devised to her forty acres of land, charged with the payment of one-half of his debts; that by the fourth item of his will he devised to the defendants, his five children named herein, a tract of land containing eighty acres; that their co-defendant, Blanche E. Easterday, had accepted the provisions of said will for her benefit; that Blanche E. Easterday, individually and not as executrix of said will, was chargeable with the paymest of one-half of the debts of said estate; that the other one-half should be paid by the plaintiff as executrix, from the proceeds if all the personal property that came into her hands as such before the payment of any legacy under said will and before any of the real estate devised should be chargeable with any portion of said debts. The prayer was that Blanche E. Easterday, individually, pay one-half of all the debts of the decedent and that the other one-half of all of said debts be paid by her as executrix of the will of the decedent and out of the personal estate which was owned by him at the time of his death before the payment of any legacy or legacies under the will, and for all other proper relief.

On these issues the cause was submitted to the court for trial, which made a finding and entered judgment thereon as above indicated.

A motion for a new trial was duly filed by appellant, alleging as causes therefor, that the decision of the court was not sustained by sufficient evidence and that it was contrary to law. Appellant and Blanche E. Easterday, executrix of the estate of John H. Easterday, deceased, filed a joint and several motion to modify the

judgment. The motion for a new trial and the motion to modify the judgment were both overruled, and Blanche E. Easterday as a natural person prosecutes this appeal, assigning as errors for reversal, first, the overruling of her motion for a new trial; and, second, the overruling of her motion to modify the judgment. Appellant has waived her second assignment of error, so it will not be given any further consideration.

Our courts by a long unbroken line of authorities have established certain rules to be followed in the construction of wills. *Aldred* v. *Sylvester* (1916), 184 Ind. 542, 111 N. E. 914; *Sullivan* v. *Union Trust Co.* (1923), 194 Ind. 521, 142 N. E. 214; *Billings* v. *Deputy* (1926), 85 Ind. App. 248, 146 N. E. 219. It is not necessary that we restate them in this opinion.

During all the time, from the date of the execution of the above will until the date of his death, the testator was bound to know of the existence of certain well established rules of law, *Aldred* v. *Sylvester, supra; Sullivan* v. *Union Trust Co., supra,* concerning the existence of which there is no disagreement between the parties to this litigation, which may be summarized as follows: That he not being an infant nor person of unsound mind, might devise by last will and testament, any interest, descendible to his heirs, which he might have in any lands, tenements, hereditaments, or in any personal property, to any person or corporation capable of holding the same. Sec. 7-101 Burns 1933, Sec. 3351 Baldwin's 1934. That upon his death, whether he die testate or intestate, his widow might select and take articles of personal property not exceeding in their appraised value the sum of $500 and that if she failed or refused to make a selection of such articles, she would be entitled to the amount in cash, "out of the first moneys received by the executor or administrator in excess of the amount necessary to pay

the expenses of administration and of the last sickness and funeral of the deceased." And if his estate was clearly solvent that his widow would be entitled to such $500 out of the first moneys received by the executrix of his estate. Sec. 6-711 Burns 1933, Sec. 3077 Baldwin's 1934. That if he died intestate, leaving the appellant who was his second childless wife surviving him, but leaving children or their descendants alive by a previous wife, that the appellant would take only a life estate in one-third of the lands of which he died possessed, that the fee thereof would upon his death vest at once in his children or their descendants by his previous wife subject only to the life estate of the appellant. Sec. 6-2315 Burns 1933, sec. 3317 Baldwin's 1934. That under such circumstances his wife's interest in his lands could not be appropriated for the payment of his general creditors. Sec. 6-2313 Burns 1933, Sec. 3312 Baldwin's 1934; Sec. 6-2337 Burns 1933, Sec. 3347 Baldwin's 1934. That "whenever any personal or real property be bequeathed to any wife, or a pecuniary or other provision be made for her in the will of her late husband, such wife shall take under such will of her late husband, and she shall receive nothing from her husband's estate by reason of any law of descent of the State of Indiana, unless otherwise expressly provided in said will, unless she shall make her election to retain the rights in her husband's estate given to her under the laws of the State of Indiana." Sec. 6-2332 Burns 1933, Sec. 3341 Baldwin's 1934. That his legacies could not be paid or satisfied until after the payment of his debts, and that if there was not sufficient assets to pay the general legacies, then an abatement thereof would be made in proportion to the amount of each. Sec. 6-1301 and Sec. 6-1304 Burns 1933, Secs. 3195 and 3198 Baldwin's 1934. That specific legacies should be the last to be resorted to for the payment of debts. 1

Henry's Probate Law, 4th Ed., Sec. 405. That in the absence of some provision to the contrary, his personal estate would first be applied in the payment of his debts, and that his real estate could not be resorted to for that purpose unless his personal estate was found to be insufficient to satisfy the liabilities of his estate. Sec. 6-1111 Burns 1933, Sec. 3149 Baldwin's 1934; 1 Henry's Probate Law, 4th Ed., Sections 176 and 450. That without his wife's consent he could not by his will deprive her of the interest in his estate to which she was entitled under the laws of this state. Sec. 6-2332 Burns 1933, Sec. 3341 Baldwin's 1934, *supra.*

This brings us to a consideration of the question above stated concerning which the parties to this cause disagree. It is a question of first impression in this state. We must therefore go to the authorities and to decisions of other jurisdictions for precedents.

It is now a generally accepted rule of law that where a testamentary gift is made by a husband to his wife in lieu of the interest which she would take in his estate in the absence of a will, that such a gift has a preference over all other unpreferred legacies, and will not abate with other specific legacies upon a deficiency of assets. It will be given preference to specific devises, especially where the recipient under such devise is a mere volunteer or the devise is a mere gratuity. The theory is that a legacy in lieu of any interest which the widow would take in the husband's estate in the absence of a will, is based upon a valuable consideration so that she is regarded as a purchaser with the same rights. By the relinquishment of her rights under the statutes the estate acquires a valuable right of property. "Whether the provisions be more or less, so far as the testator, the widow, and all pure beneficiaries under the will are concerned, it is the right of the testator to affix what consideration he pleases for

the relinquishment of dower, and for the widow to accept or reject it. The right of the widow to a priority in the payment of the legacy which she takes in consideration of relinquishment of dower is so well established that it hardly requires the citation of authorities." *Borden* v. *Jacks* (1886), 140 Mass. 562, 564, 5 N. E. 623.

In his discussion of the abatement of legacies Pomeroy says: "One exception to the general rule of abatement has always been admitted by courts of equity. A general legacy, given for a valuable consideration—as, for example, to a widow in lieu and satisfaction of her dower, or to a creditor in payment or discharge of a debt—has priority, and does not abate with the other legacies, provided the dower right or the debt still exists at the testator's death." 3 Pomeroy Eq. Jur. 4th Ed., Sec. 1142. For other cases in which the facts were quite similar to those in the instant case, and the rule above stated was adopted and applied, see *Lord* v. *Lord* (1854), 23 Conn. 327; *Security Co.* v. *Bryant* (1884), 52 Conn. 311, 52 Am. Rep. 599; *Clayton* v. *Aiken* (1868), 38 Ga. 320; *Moore* v. *Alden* (1888), 80 Me. 301, 6 Am. S. R. 203; *Durham* v. *Rhodes* (1865), 23 Md. 233; *Addison* v. *Addison* (1874), 44 Md. 182; *Matthews* v. *Targarona* (1906), 104 Md. 442, 65 Atl. 60; *Borden* v. *Jenks* (1886), 140 Mass. 562, 5 N. E. 623; *Pollard* v. *Pollard* (1861), 1 Allen (Mass.) 490; *Pope* v. *Pope* (1911), 209 Mass. 432, 95 N. E. 864; *Towle* v. *Swasey* (1870), 106 Mass. 100; *Howard* v. *Francis* (1879), 30 N. J. Eq. 444; *Plem* v. *Smith* (1905), 70 N. J. Eq. 602; *Flynn* v. *McDermott* (1905), 183 N. Y. 62, 75 N. E. 931; *In re Smallwood's Will* (1931), 247 N. Y. S. 593; *Rhode Island Hospital Trust Co.* v. *Hail* (1925), 47 R. I. 64, 129 Atl. 832; *Moran* v. *Cornell* (1928), 49 R. I. 308, 142 Atl. 605; *Overton* v. *Lea* (1902), 108 Tenn. 505, 68 S. W. 250; *Davis* v. *Davis* (1924), 138 Va. 682,

123 S. E. 538; *First National Bank, Exr.* v. *Hessong* (1925), 83 Ind. App. 531, 149 N. E. 190. See also 28 R. C. L. 304; 3rd Pomeroy's Equity Jurisprudence, Sec. 1142; Williams on Executors, §1364; 69 S. J. sec. 2188, p. 987; 2 Scribner on Dower, 2nd Ed., Sec. 59, p. 527; 34 A. L. R., note p. 1276.

The testator is presumed to have had knowledge of this rule of law at the time he executed the will before us.

The facts in this case cast it within that class of cases to which the full force and effect of the exception to the rule in the abatement of legacies as above set out applies. Consequently, since the testator at the time of the execution of his will is presumed to have had knowledge of all the rules of law above set out, it is reasonable to assume that when he made the provisions in his will for his wife that it was his intention to burden that portion of his estate which he gave to her with the payment of one-half of his debts and no more, for in the absence of such a condition in his will his wife under the facts and circumstances presented by the record, pursuant to the principles of law controlling in this case, by accepting the terms of the will, would have received that portion of the estate willed to her free from liability for the payment of the testator's debts, unless the eighty-acre tract of land devised to his five children failed to produce an amount sufficient to pay and discharge them; that in accordance with the terms of the will and the testator's intention as therein expressed, the appellant is bound to pay one-half of his debts and cost of administering his estate and that the eighty acres of land devised to his five children by item four of his will must first be exhausted in the payment of the other one-half of the testator's debts and cost of administering his estate, before that portion

of the estate devised to appellant could be resorted to for that purpose.

The trial court erred in overruling appellant's motion for a new trial for the causes therein alleged. The judgment is reversed with instructions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.

Kime, J., concurs.

Laymon, J., dissents.