IN RE THEODORE PARSONS' ESTATE, JOSEPHINE PARSONS ET AL. v. GEORGE W. REEL ET AL.

**Wills:** SPECIFIC AND GENERAL LEGACIES: ABATEMENT. It is a general rule that specific legacies do not abate while general legacies do; and a general legacy to a child of the testator is not exempt from the operation of the rule because of the relationship or because first specified, but where there is not sufficient assets to pay the general legacies in full a bequest of that character to a child must share its proportion of the deficiency.

*Appeal from Marion District Court.*—HON. EDMUND NICHOLS, Judge.

SATURDAY, FEBRUARY 11, 1911.

PETITION for the construction of a will. The opinion states the case. *Affirmed.*

*Hays & Amos,* for appellant.

*Crozier & Welch,* for appellee.

SHERWIN, C. J.—Theodore Parsons, deceased, executed a will which provides in part as follows:

I hereby give, devise and bequeath to my beloved wife, Bell Parsons, the home where/we now reside, together with all household goods and furniture therein contained. In addition to the above bequest, I give and bequeath to my said wife the sum of $6,000, to be paid to her in cash. The above bequests to be in lieu of dower

or other interest in my estate except as herein provided for.

Third: I give, devise and bequeath to my daughter, Laura Parsons, the sum of $6,000, to be paid to her in cash.

Fourth: I give and devise to my sister, Josie Parsons, the undivided one-half of whatever amount I may receive or is due me from the estate of my father, L. B. Parsons, as shown in his last will, and in addition to the said sum, I give to my said sister the sum of $3,000, to be paid to her in cash from my estate.

A similar devise but in a smaller amount was made to another sister of the testator, and still another devise was made to another sister in trust for her children. After the testator's death it was found that the estate left by him was insufficient to pay all of the bequests in full, and this action was begun for the construction of the will for the purpose of determining upon whom the burden of the deficiency would fall. All of the parties interested in the will asked for a construction thereof. The trial court found that the widow, Belle Parsons, was entitled to the full amount of the bequests made to her, and this finding is unassailed in this appeal. It was also determined that the bequest to Laura Parsons, the daughter, was a general legacy, and that it was subject to abatement *pro rata* on account of the deficiency in the assets of the estate, and Laura Parsons appeals from the judgment.

Legacies are divided into two classes—specific and general. A specific legacy is a bequest of a particular thing that can be distinguished from others of the same kind. A general legacy is one that is not to be paid by any particular thing or article belonging to the estate, the delivery of which will fulfill the intent of the testator, but may be paid from the general funds of the estate. It is a general rule that specific legacies do not abate, and that general legacies do. These rules are conceded by the appellant, but counsel claim that the legacy to the daughter, Laura Par-

sons, should be construed as a specific legacy because of the fact that she was a daughter and more closely related to the testator than the other legatees who were his sisters, nephews, and nieces, and because of the further fact that in making the will the testator made provision for her before providing for his sisters. We think this contention can not be sustained on any sound principle of law. While it may be and undoubtedly is true that a father will generally feel more tenderly toward his own children than toward brothers and sisters, it does not follow therefrom that courts should construe legacies as specific which would otherwise have to be construed as general. If the testator desires to protect a particular person against the possible insufficiency of his estate to pay all legacies, it is a very simple matter to do so. We know of no rule of law, nor are we cited to any precedent, which would justify us in holding the legacy to Laura Parsons a specific one. It is in our judgment a general legacy, and, being such, is subject to abatement, and must be paid *pro rata* with the other general legacies.

The judgment of the district court is therefore *affirmed*.