## NEW YORK TRUST CO. et al. v. EISNER.

### (District Court, S. D. New York. January 19, 1920.)

1. INTERNAL REVENUE ⊛8—INHERITANCE TAX IS TAX ON PRIVILEGE OF TRANS-FER.

   The inheritance tax imposed by Act Sept. 8, 1916 (Comp. St. 1916, §§ 6336½a–6336½m), is not a tax on the property of the decedent, but on the privilege of transfer by death.

2. INTERNAL REVENUE ⊛8—NATURE OF INHERITANCE TAX STATED.

   The inheritance tax imposed by Act Sept. 8, 1916 (Comp. St. 1916, §§ 6336½a–6336½m), is not a tax on the individual legacies, nor on the right of the individual legatees to receive them, measured by the entire net estate, but on the right of decedent to have the estate pass by will or intestacy.

3. INTERNAL REVENUE ⊛2—INHERITANCE TAX IS VALID, THOUGH IMPOSED ON WHOLE ESTATE.

   Though there is a distinction between a tax on the interest to which a person succeeds on the death of another and a tax on the interest which ceased by reason of the death, there is no distinction as to the power of Congress to impose the tax under Const. art. 1, § 8.

4. INTERNAL REVENUE ⊛2—INHERITANCE TAX NOT INVALID AS TAX ON STATE INSTRUMENTALITIES.

   Though the inheritance tax imposed by Act Sept. 8, 1916 (Comp. St. 1916, §§ 6336½a–6336½m), is an estate tax rather than a legacy tax, it is not unconstitutional as a tax on the probate instrumentalities of the state.

5. STATUTES ⊛245—DEPARTMENTAL CHANGE OF INTERPRETATION DOES NOT RE-QUIRE APPLICATION OF RULE THAT DOUBT SHOULD BE RESOLVED IN FAVOR OF TAXPAYER.

   While doubts in a taxing statute are to be resolved in favor of the tax-payer, the mere fact that the Treasury Department changed its original interpretation of Act Sept. 8, 1916, § 203 (Comp. St. § 6336½d), as to the right to deduct state inheritance taxes in computing the inheritance tax thereby imposed, does not show such ambiguity as requires the application of this rule of construction.

6. INTERNAL REVENUE ⊛8—IN COMPUTING INHERITANCE TAX, STATE TAX IM-POSED ON INDIVIDUAL SHARES CANNOT BE DEDUCTED.

   Under Act Sept. 8, 1916, § 203 (Comp. St. § 6336½d), providing for the deduction from the gross amount of any estate taxable thereunder of such charges against the estate as are allowed by the law of the jurisdiction, it is only such charges as affect the estate as a whole that may be deducted, and state inheritance taxes levied on the shares received by the beneficiaries cannot be deducted, though the duty is imposed on the executor or administrator to pay the taxes.

At Law. Action by the New York Trust Company and another, as executors of J. Harsen Purdy, deceased, against Mark Eisner. On demurrer to the complaint. Demurrer sustained.

Francis J. McLoughlin, of New York City (H. T. Newcomb, of New York City, of counsel), for plaintiffs.

Francis G. Caffey, U. S. Atty., of New York City (Julian Hartridge, Asst. U. S. Atty., of New York City, of counsel), for defendant.

MACK, Circuit Judge. Demurrer to a complaint for recovery of taxes paid by an executor raises questions as to the constitutionality and interpretation of title II, Act Sept. 8, 1916 (39 Stat. 777), the Fed-

⊛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

eral Inheritance Tax Act, as it stood before the amendments of March
3 and October 3, 1917 (Comp. St. 1916, §§ 6336½a–6336½m).

## 1. Constitutionality.

[1-3] Clearly the tax is not one on the property of the decedent,
but, as it purports to be, on the privilege of transfer by death. Equally
clearly it is not on the individual legacies or on the right of the in-
dividual legatees to receive them, measured by the entire net estate,
but on the right of decedent to have the estate pass by will or intes-
tacy. Plunkett v. Trust Co., 233 Mass. 471, 124 N. E. 265, and cases
cited. While, as pointed out by White, C. J. (then Justice), in Knowl-
ton v. Moore, 178 U. S. 41, 77, 20 Sup. Ct. 747, 762 (44 L. Ed. 969),
there is a clear "distinction between a tax on the interest to which
some person succeeds on a death and a tax on the interest which ceas-
ed by reason of the death," there is no distinction whatsoever in the
power of Congress, under article 1, § 8, of the Constitution, "to col-
lect taxes, duties, imposts and excises," to provide for either kind
of tax. The doubt as to validity expressed in that case, was limited
to measuring a tax upon the succession of each individual legatee to
a specific legacy by the value, not of his legacy, but of the entire net
estate of the decedent; it did not extend to the power of Congress
expressly to impose an estate tax rather than a legacy tax—to measure
it by the value of the net estate and to cast the burden upon the resid-
uary personal estate.

[4] Concededly, under Knowlton v. Moore, Congress may levy
inheritance taxes on the privilege of succession to property transfer-
red by death of the owner. It is contended, however, that a tax, not
on the right of the beneficiary to receive, but on the privilege of trans-
fer by will or intestacy, is unconstitutional, as upon an operation of
the means provided by the state for the performance of functions ex-
clusively within state control; that in some way, because ordinarily
the rights which cease at death do not pass immediately, but only
subject to the probate processes prescribed by the state, such a tax
becomes a tax on the instrumentalities of a state. As both the right
to receive a succession at or by death and the right to transfer at death
are subject to exclusive state control, there is no basis, in my judgment,
for any such distinction between them in respect to the constitutional
power of Congress.

Again, it is urged that, until there occurs some exercise of some
right as to which a private option of renunciation exists, there is noth-
ing to which the federal taxing power can constitutionally be applied.
There is, however, ordinarily no right of renunciation under intestacy
laws. Moreover, the option itself is derived from the state in the
exercise of its exclusive control.

## 2. Interpretation.

Section 203 (Comp. St. § 6336½d) defines, as the taxable net es-
tate, the gross estate less—

"(1) Such amounts for funeral expenses, administration expenses, claims
against the estate, unpaid mortgages, losses incurred during the settlement
of the estate arising from fires, storms, shipwreck, or other casualty, and from

theft, when such losses are not compensated for by insurance or otherwise, support during the settlement of the estate of those dependent upon the decedent, and such other charges against the estate, as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered; and

"(2) An exemption of $50,000.00."

The question presented is whether this clause permits of the deduction of state inheritance taxes paid by the executor in a number of states and allowed to him in his accounting in the Surrogate's Court of decedent's domicile. On November 17, 1916, the Treasury Department ruled (T. D. 2395), that as—

"state inheritance taxes are a primary charge against an estate and allowable as credits to executors and administrators, * * * they are clearly deductible."

Subsequently on September 10, 1917, this ruling was revoked, and on an exhaustive study of the nature of state inheritance taxes they were declared not deductible.

[5] While doubts in a taxing statute are to be resolved in favor of the taxpayer, the mere fact that the Treasury Department changed its original interpretation is not conclusive that the language of the act is so doubtful as to compel the application of this canon of construction.

[6] If this were a tax on the right of succession, an intention to tax only that which eventually passes to a beneficiary would be presumed. But, as a tax on the cessation of decedent's interest, such a presumption would extend at best to the entire net estate without deduction of any charges levied, not on it, but on the right or on the share of individual beneficiaries. What, then, are the "charges against the estate as are allowed by the laws of the jurisdiction" included in clause G? Not all charges which under the laws an executor or administrator may or even must pay, whether for his own protection or otherwise, but only such charges, like all the other deductions, which affect the estate as a whole, only charges against the estate.

Estate taxes or probate duties levied by the state would fall within this clause. Northern Trust Co. v. Lederer (D. C.) 257 Fed. 812. But taxes levied on the shares to be received by beneficiaries, reducing, not the estate, but the individual's share, cannot be deemed a charge upon the estate merely because the duty, with the corresponding liability and right to account in respect thereto in his estate accounts, is imposed upon the executor or administrator to pay the tax before distributing the share itself. The nature of the tax, as a succession, not an estate, tax, remains unchanged, despite the additional obligation thus imposed.

The changes made by the present law (Act Feb. 24, 1919, § 403 [Comp. St. Ann. Supp. 1919, § 6336¾d]) afford no basis for interpreting the former law, for, while it excludes state succession and legacy taxes, it also expressly excludes state estate or inheritance taxes.

In my judgment, the later interpretation of the act by the Treasury Department is sound, and the demurrer must be sustained.