ESTATE OF OSMOND M. BROWN, Appellee, v. O. M. HOGE, Executor, Appellant.

EXECUTORS AND ADMINISTRATORS:  Compensation—Law Governing.  The fees of an executor and of his attorney are governed by the law in force at the time of distribution.

EXECUTORS AND ADMINISTRATORS:  Compensation—Litigation Involving Title to Estate Property.  An executor may very properly appear by his attorney in litigation involving estate property, and a reasonable compensation may be allowed for such services even though the active work was performed by the private attorneys for the other litigants.

EXECUTORS AND ADMINISTRATORS:  Settlement of Estate—Federal Inheritance Tax as Charge Against Estate.  A testamentary provision requiring "the expense of administration * * * including the payment of all collateral inheritance tax assessed against all bequests and devises" to be paid out of a named bequest, embraces the Federal inheritance taxes.  (39 Stat. at L. 777.)

*Appeal from Pottawattamie District Court.*—O. D. WHEELER, Judge.

JUNE 24, 1924.

APPEAL from order of the district court approving final report of executrix of estate of Osmond M. Brown, deceased, and ordering distribution of the property of the estate.—*Modified and affirmed.*

*James Joyce, John P. Organ, Robert T. Scott,* and *George S. Wright,* for appellant.

*Tinley, Mitchell, Ross & Mitchell,* for appellee.

ARTHUR, C. J.—I. The questions presented by reports of executrix and objections thereto are:

(1)   What compensation should executrix be allowed?

(2)   What compensation are attorneys of executrix entitled to for ordinary service and for extraordinary services to the estate?

(3)   As to diversion of interest on certain certificates of deposit bequeathed to Robert E. Brown to the benefit of other legatees under the will.

(4)   Whether the Federal estate tax is a charge against the estate and part of the expense of administration, or should be paid from the several legacies proportionately.

(5)   Whether or not fees of attorneys for extraordinary services in certain litigation instituted by Mrs. Lazier and others should be paid from their portions of the estate in the hands of the executrix.

Osmond M. Brown died testate, October 12, 1918.   His estate was of the approximate value of $100,000, consisting of real estate of the value of about $17,000, and of money, stocks, and bonds and other securities of the value of about $87,000. Under the will, the property was given to the beneficiaries in amounts of approximate values as follows:   Elinor G. Brown, $25,850; Louise Brown Lazier, $5,000; Clara G. L. Fitch, $22,500; Robert E. Brown, $37,640; Myrtle M. Hoge, $3,600; Osmond M. Hoge, $950; Luella B. England, $4,048; Nellie R. Van Inwegen, $5,000.

II.   The larger amounts in controversy are the fees allowed

by the court to the executrix and her attorneys for services. The court allowed executrix, as compensation for her services,

1. EXECUTORS AND ADMINISTRATORS: compensation: law governing.

$2,456.43. Evidently this amount was arrived at as the statutory percentage under Chapter 391, Acts of the Thirty-eighth General Assembly. This act was amended by Chapter 22 of the Acts of the Thirty-ninth General Assembly, providing for the allowance of "such reasonable fee as may be determined by the court, for services rendered, but not in excess of" the schedule of fees provided by Chapter 391, Acts of the Thirty-eighth General Assembly. The fees must be calculated under the law as it exists at the time of distribution, which would be "such reasonable fee as may be determined by the court, for services rendered, but not in excess of" the schedule of fees provided in Chapter 391, Acts of the Thirty-eighth General Assembly. *In re Dewar's Estate,* 10 Mont. 426 (25 Pac. 1026).

Appellant complains that the allowance made to the executrix for her services is excessive. As above mentioned, the executor's fees must be allowed on the basis of a "reasonable fee." We think the allowance of fees to the executrix was unreasonable and excessive. As is usually the case, the executrix in this estate did very little. She did some little bookkeeping. She issued not a great number of checks, and but few receipts, which were prepared by her attorneys. The work involved in the estate was practically all done by her attorneys, as it should be. Only the size of the estate, which was valued at something over $100,000, would suggest a substantial fee for the executrix. We have carefully examined the record showing the services performed by the executrix, and conclude that $1,000 will be an ample fee for the services performed by the executrix.

III. Appellant claims that allowance of fees of attorneys of executrix made by the lower court is excessive. The ordinary fees allowed by the court were the same as the fees allowed to the executrix. They were evidently calculated on a percentage basis, under Chapter 391, Acts of the Thirty-eighth General Assembly. The attorney fees, like the fees of executrix, must be calculated under the law as it now exists: that is, under the provisions of Chapter 391, Acts of the Thirty-eighth General

Assembly, as amended by Chapter 22, Acts of the Thirty-ninth General Assembly, which is, a "reasonable fee," not exceeding the schedule set out in Chapter 391, Acts of the Thirty-eighth General Assembly. The ordinary fees were allowed in the amount of $2,456.43. We will not set forth the testimony bearing on attorney fees. We have carefully examined the record with respect to this question. There were intricate and complex questions involved, which required considerable investigation and consideration, consuming much time and attention of the attorneys. Considering the size of the estate and the services performed, we find no reason to disturb the allowance of the court for ordinary services.

The lower court allowed attorneys for executrix, for extraordinary services, a further sum of $543.57. Appellant complains of this allowance as excessive. In this connection, appellant complains of the allowance of any fee to the attorneys of executrix on account of litigation instituted in the district court by Mrs. Lazier, Clara Gattrell, Mrs. Fitch, and Charles Brown. As we understand the record, the plaintiffs in that case claimed to own certain property given by the will to appellant here, Robert E. Brown. This case was subsequently removed to the district court of the United States. Plaintiffs and defendants were represented by counsel, and the trial work in connection with the case was done by said attorneys. The property in question was in the hands of executrix,—she held the legal title to the property. The executrix was made a party defendant, and her counsel appeared for her and filed pleadings and were present during the trial of the case, though taking no active part. It was proper, and the duty of counsel, to appear for executrix and see that her legal rights were protected.. In the allowance of extraordinary fees, this service was taken into consideration. Not a large fee was claimed for such services. We think it should be included in the allowance for extraordinary services. We conclude that the fee for extraordinary services was not excessive, and was properly allowed.

2. EXECUTORS AND ADMINISTRATORS: compensation: litigation involving title to estate property.

IV. The executrix paid a Federal estate tax in the amount of $1,431.57, and treated said tax as an expense of administra-

tion of the estate, and not a charge against the several legacies.

The tax in question is imposed under "Title II —Estate Tax," 39 Statutes at Large 777. Section 201 reads:

3. EXECUTORS AND
ADMINISTRATORS:
settlement of
estate: Federal
inheritance tax
as charge against
estate.

"That a tax (hereinafter in this title referred to as the tax), equal to the following percentages of the value of the net estate, to be determined as provided in Section two hundred and three, is hereby imposed upon the transfer of the net estate of every decedent dying after the passage of this act, whether a resident or nonresident of the United States."

Then follow percentages.

Section 202 provides for determining the value of the gross estate of a decedent.

Section 203 reads:

"That for the purpose of the tax the value of the net estate shall be determined,"—then follow provisions for determining the net estate.

Ordinarily, the tax imposed by the above quoted statute would be paid out of the residue of an estate, if there was a residue sufficient out of which to make such payment; and if there was no residue, or an insufficient residue, it would be paid out of other property belonging to the estate, whereby there would be contribution to the fund used in payment of the tax from the several legacies proportionately.

In the instant case, testator, in Item 13 of his will, provided:

"I direct that all my indebtedness, including the expenses of my last sickness and burial and also including the expense of administration of my estate, including the payment of all collateral inheritance tax assessed against all bequests and devises made in this will shall be paid out of the cash belonging to me, on deposit in open account in the First National Bank of Council Bluffs, Iowa, and in the event there shall be insufficient money in said account to discharge such indebtedness and expense, it is my will that the same shall be paid from moneys hereinbefore bequeathed to my brother, Robert E. Brown, and that such bequest to him shall be burdened with any deficiency."

The will bequeathed to Robert E. Brown, among other properties:

"Also all moneys carried by me on deposit in the First National Bank of Council Bluffs, Iowa, evidenced by certificates of deposit, but not in open account; and all moneys belonging to me in the First National Bank of Zanesville, Ohio, and evidenced by certificates of deposit."

Only $3,295.47 was on deposit in the First National Bank of Council Bluffs in "open account." It is conceded that the fund in open account was insufficient to satisfy but a small part of the demands under said Item 13 of the will, and that most of the payments provided for in said Item 13 would have to be paid, as provided in said Item 13, from money bequeathed to Robert E. Brown. The question presented requires interpretation or construction of the phrase, "the expense of administration of my estate," contained in the above quoted Item 13 of the will; and perhaps the construction of the above quoted Section 201 of the Act of Congress of September 8, 1916.

It is conceded by all parties that the tax in question is a tax imposed upon the transfer of the estate, as provided in Section 201, 39 Statutes at Large 777. It is also conceded that it is not a tax upon the property of the estate. Counsel for appellant urge that, though the executrix is required to pay the tax in the first instance, finally it must be charged to and paid out of the several legacies proportionately, and not on account of the estate; that the requirement that the executrix make payment of the tax is only to secure payment, because the government is unwilling to trust solely to the legatees; and where legacies are given in specific amounts, as in the instant case, the tax must be deducted from the amounts of the legacies, and the balance only given to the legatees. In support of their position, counsel for appellant cite *In re Estate of Gihon*, 169 N. Y. 443 (62 N. E. 561); *In re Estate of Delano*, 176 N. Y. 486; *In re Estate of Watson*, 226 N. Y. 384 (123 N. E. 758).

The cases cited by counsel for appellant afford little aid in solution of the question before us. The *Gihon* case, supra, does hold that the tax to the Federal government should be paid out of the legacy for the legatee, and not on account of the estate.

But in that case the court was dealing with the act of Congress of 1898, Chapter 448, Section 29, 30 Statutes at Large 464. The heading of the section is, "Legacies and Distributive Shares of Personal Property." The portion of the section pertinent to our inquiry is as follows:

"Section 29. That any person or persons having in charge or trust, as administrators, executors, or trustees, any legacies or distributive shares * * * where the whole amount * * * shall exceed the sum of ten thousand dollars in actual value, passing, after the passage of this act, * * * either by will or by the intestate laws of any state or territory, * * * shall be, and hereby are, made subject to a duty or tax, to be paid to the United States, as follows:"

The language of this act shows clearly that the tax imposed was a tax upon legacies. It will be observed that the titles of the two acts are different. In the former act, the heading of Section 29 is, "Legacies and Distributive Shares of Personal Property." The heading of the section under consideration, of the act of 1916, is, "Title II—Estate Tax." The act of 1898 specifically taxes "any legacies or distributive shares." The act of 1916 provides for a tax upon "the transfer of the net estate of every person dying after the passage of this act." By the act of 1916, the act applicable to the instant case, Congress was not intending to tax legacies or to tax property, but it was the intention to tax the "privilege of transfer by death." *New York Trust Co. v. Eisner,* 263 Fed. 620; *People v. Pasfield,* 284 Ill. 450 (120 N. E. 286); *People v. Northern Tr. Co.,* 289 Ill. 475 (124 N. E. 662). In the *Eisner* case, the court, among other things, said:

"Clearly the tax is not one on the property of the decedent, but, as it purports to be, on the privilege of transfer by death. Equally clearly it is not on the individual legacies or on the right of the individual legatees to receive them, measured by the entire net estate, but on the right of decedent to have the estate pass by will or intestacy."

In the *Pasfield* case, the Illinois court said:

"This statute [Act 1916] differs somewhat from the Federal statute of 1898 [Act June 13, 1898, Ch. 448, 30 Stat. 464], as the latter act levied an excise or duty on the distributive share

of each legatee or distributee, while the former levies a duty, as above shown, on the entire net estate before any distribution is made to the legatees or distributees. * * * The Federal act of September 8, 1916, levies a duty against the value of the entire mass of the decedent's property, real or personal, tangible or intangible, wherever situated, after deducting for funeral expenses, administration expenses, claims against the estate, and the other deductions mentioned in said act, and makes the same a lien against the property in whosoever's hands the same may pass by transfer or otherwise. As the duty is made payable by the executor or administrator to the collector or deputy collector by the express provisions of the statute, the duty is an expense or a charge against the estate of the decedent, and not an express charge against the shares of the legatees or distributees of the decedent. The legatees and distributees cannot in any sense be held to have 'received' any part of the duty that is paid to the government by the executor or trustee or administrator as such estate tax, and there is no language in the act that will permit a construction that the duty is levied upon each share of the legatees or distributees of the decedent, as was given the Federal act of 1898 by the court in *Knowlton v. Moore*, 178 U. S. 41.''

Now turning to Item 13 of the will, above quoted, qualifying the bequest to Robert E. Brown and providing for payment of expense of administration and other matters, we think it was the intention of testator, therein expressed, that all charges and demands against the estate incident to passing the estate on to the beneficiaries free from incumbrance should be paid out of money in ''open account'' in the bank, and from moneys bequeathed to Robert E. Brown. We think the Federal tax is a charge or expense for which the estate is liable. We think the lower court was right in holding that such tax was a part of the expense of administration, and fell under said Item 13 of the will. We think it was the clear intent of testator that the several legacies, other than the bequest to Robert E. Brown, should go to said legatees undiminished by any taxes, including the Federal estate tax; that all charges and demands against the estate as a whole were to be paid from the cash ''on deposit in open

account in the First National Bank of Council Bluffs,'' and from ''moneys hereinbefore bequeathed to my brother, Robert E. Brown.'' *People v. Northern Tr. Co.*, supra, throws light on this point. The court said:

''The only question relative to the tax assessed on the property passing by the will of the testator is the refusal of the court to first deduct the Federal estate taxes as an expense of the estate before assessing the tax on the property passing by will. The testator died November 17, 1917. He left an estate valued by the inheritance tax appraiser at $2,871,151.71, which he disposed of by will. The county court, in assessing the state inheritance tax on that property, refused to deduct the Federal estate tax paid by the executor, amounting to $316,432.40. In this ruling the court erred. The Federal estate tax is a charge or an expense against the estate of the decedent, rather than against the shares of the legatees or the distributees, and as part of the expense of administration this tax should be deducted before computing the state inheritance tax.''

V. It is urged by appellant that in the account of executrix interest accumulations are erroneously allocated; that $89.48 of interest on certificates of deposit belonging to Robert E. Brown was wrongfully credited to funds belonging to the other legatees. Considerable argument is devoted to this item. We have examined the whole record with respect to it. The record is not clear. Indeed, it is confusing. We are not disposed to disturb the finding of the lower court as to this small item.

Also, complaint is made that interest was allowed to accumulate on the Federal tax because of unnecessary delay in payment of the tax. We think this complaint is without merit.

We reach the conclusion that the account of executrix in her final report should not be changed, except that the fees of executrix should be reduced to $1,000, thus increasing the distribution to Robert E. Brown in the amount of $1,456.43. The share or interest in the estate of appellant should not bear any of the cost and expense of this appeal; and executrix is directed to apportion the costs and expenses, including fees of her attorneys, on this appeal, to the estate, among the legacies, without encroachment upon the interest or share of Robert E. Brown.

As thus modified, the order of the lower court is affirmed.—
*Modified and affirmed.*

EVANS, PRESTON, and FAVILLE, JJ., concur.