IN RE ESTATE OF JOHN C. HARTMAN.

JOHN P. VON LACKUM et al., Executors, Appellants, v. IDA M. HARTMAN, Objector, Appellee; KARL C. VON LACKUM et al., Trustees, Appellants.

No. 46199.

MAY 4, 1943.

Pike, Sias & Butler, of Waterloo, for appellants.

Pressey H. Frank, of Waterloo, for appellee.

GARFIELD, C. J.— The executors of John C. Hartman, deceased, filed application in probate for authority to transfer to themselves as trustees 2,855 shares of stock in the W. H. Hartman Company, which were the subject of a specific bequest under Item III of the will. The widow filed resistance to the application, claiming that she is entitled under the will to "one-third in value of all the rest, residue and remainder of all the property" left by the testator and that the transfer of the stock to the trustees would leave insufficient in the estate to give her such one third and would thus deprive her of a substantial portion of her legacy. The executors filed a reply to the resistance, alleging that the widow had accepted a portion of the bequest made in Item III and was estopped from resisting their application.

The matter was submitted to the court upon the files and records in the estate. The court held that the widow took under the will in lieu of dower, as a purchaser for value, and that the specific legacy in Item III of the will must abate to the extent necessary for full satisfaction of her bequest. The executors, trustees, and legatees other than the widow have appealed.

The will of John C. Hartman consists of four items. Item I provides for payment of his debts. Item II gives to his wife,

Ida M. Hartman, appellee, the homestead and also "one-third * * * in value of all the rest, residue and remainder of all the property" owned by him at his death, in lieu of her dower rights under the laws of Iowa.

Item III gives to his executors, in trust, all the shares of stock in the W. H. Hartman Company of Waterloo, Iowa, owned by him at his decease, to be held by them for the benefit of his nieces and nephews, John P., Karl C., and Genevieve M. von Lackum and DeEtte V. Miller, appellants, the dividends from such stock to be turned over by said trustees. It is further provided, however, that in the event his wife shall survive him, the trustees are to pay her during her lifetime one fourth of such dividends, the other three fourths to be divided equally among said nieces and nephews. If any of said stock shall be sold during the life of his wife, one fourth of the proceeds shall be set aside by the trustees and invested in good securities, the income therefrom paid to his wife so long as she lives. At her death the said fund shall be distributed among said nephews and nieces.

Item IV is a residuary clause, giving to the same four nephews and nieces "all the rest, residue and remainder of the property, real and personal," that he owned at his decease.

The will was admitted to probate and John P. and Genevieve M. von Lackum were appointed executors and trustees. The widow filed her election to take under the will. The entire estate was appraised for state inheritance-tax purposes at about $900,000, of which about $465,000 was the Hartman Company stock mentioned in Item III. The homestead specifically devised to the widow in Item II was valued at $17,500. Substantially all the rest of the estate is personalty. A federal estate tax of $187,451 was paid. Payments totaling $25,000 to apply upon executors' and attorneys' fees have been made and substantial additional payments are contemplated. It is apparent that if the Hartman Company stock is transferred to the trustees pursuant to the executors' application, free from the right of the widow to resort to any part thereof in satisfaction of her legacy, she will not receive one third of the property owned by the testator at his death, as provided in Item II of the will.

I. Devises (of realty) and legacies (of personalty) are of two kinds—specific and general. A specific legacy is a bequest of a particular thing that can be distinguished from others of the same kind. A general legacy does not direct the delivery of some particular thing. Parsons v. Reel, 150 Iowa 230, 231, 129 N. W. 955; 69 C. J. 919, 921, sections 2085, 2086. The bequest to the wife of the home in Item II is a specific devise. The remaining provision in Item II for the benefit of the widow is a general legacy. The bequest of the Hartman Company stock in Item III is a specific legacy. Appellants (the executors, trustees, nieces, and nephews) contend that the specific legacy in Item III may not be reduced in favor of the general legacy to the appellee in Item II.

Appellee concedes that ordinarily specific legacies do not abate, while general legacies do. See Parsons v. Reel, supra. (To "abate," as here used, means to reduce a legacy on account of the insufficiency of the estate to pay all debts, charges, and legacies in full. 1 Words and Phrases, Permanent Edition, 67; 4 Page on Wills, Lifetime Edition, 312, section 1493; 1 C. J. S. 20; 69 C. J. 976, section 2170.) Appellee also concedes that if the general bequest in Item II were not to the widow in lieu of her distributive share, appellants would be entitled to prevail. Appellee contends, however, that this case falls within an exception to the rule that general legacies abate while specific legacies do not, that she took her bequest in lieu of her distributive share as a purchaser for value, and that such bequest is entitled to priority over the specific legacy under Item III. The trial court so held.

There is no decision of this court on the principal question involved. Parsons v. Reel, supra, 150 Iowa 230, 129 N. W. 955, indicates that the trial court there held that the widow took her full bequest in lieu of dower, in preference to other legatees, probably on the theory that she was a purchaser, but this conclusion was not assailed upon appeal. However, there is considerable authority in other states, as well as in England and Canada, to support the holding of the trial court. The doctrine that by the acceptance of a legacy in lieu of dower the widow becomes a purchaser for value was first announced in Burridge v. Bradyl, 24 Eng. Rept. 323, decided in 1710.

The theory is that a wife cannot without her consent be deprived by her husband's will of her dower or distributive share. Where she accepts the provisions of the will in lieu of dower, the estate receives a valuable consideration by a relinquishment of that right, which in effect makes her a purchaser for value of her legacy. Since the right of dower is superior to all legacies, the bequest in lieu of dower is also to be preferred over all other legacies. This is true even though the so-called gratuitous legacies are specific and the legacy to the widow is general.

The widow, by the payment of consideration, i.e., the relinquishment of her dower, is treated not as a mere beneficiary but as a quasi creditor. A testamentary provision for the wife in lieu of dower amounts to an offer by the husband of a price for the extinguishment of dower. By accepting the provision the widow agrees to the terms, relinquishes her dower, and is entitled to the price in preference to those having no legal claim against the estate, whom the testator might have excluded from his bounty. It is, in effect, a matter of contract between husband and wife. The doctrine is applied even though the value of the bequest exceeds the value of her dower, since it is the husband's right to fix whatever consideration he pleases for the surrender of the wife's dower. The rule does not prevail, however, where the will clearly discloses that the testator intended that the provision for his wife should not be preferred over other legacies. The will before us discloses no such intention.

Some of the authorities in support of these views are Easterday v. Easterday, 105 Ind. App. 80, 90, 10 N. E. 2d 764, and authorities cited at page 769; Moore v. Alden, 80 Maine 301, 14 A. 199, 6 Am. St. Rep. 203; Borden v. Jenks, 140 Mass. 562, 5 N. E. 623, 54 Am. Rep. 507; Overton v. Lea, 108 Tenn. 505, 68 S. W. 250; Davis v. Davis, 138 Va. 682, 123 S. E. 538; II Alexander on Wills 1029, section 698; Thompson on Wills, 2d Ed., 599, section 513; 3 Pomeroy's Equity Jurisprudence, 4th Ed., 2646, section 1142; Scribner on Dower, 2d Ed., 527; 28 R. C. L. 304, section 284. See, also, Tinsley v. Maddox, 176 Ga. 471, 168 S. E. 297, 305; Plum v. Smith, 70 N. J. Eq. 602, 62 A. 763; In re Cameron's Estate, 278 N. Y. 352, 16 N. E. 2d 362, 364, 117

A. L. R. 1333; annotation 34 A. L. R. 1247, 1276; 69 C. J. 988, 989, section 2189; 28 C. J. S. 107, 108, section 41; 17 Am. Jur. 758, section 101; 4 Page on Wills, Lifetime Edition, 337–340, sections 1502, 1503.

There are few, if any, decisions in conflict with the above. We are disposed to follow these authorities and affirm the lower court's holding that appellee took under the will as a purchaser for value and that the legacy provided in Item III must abate to such extent as necessary to satisfy the bequest to her.

It is well to bear in mind that the general legacy to the wife in Item II of one third the testator's property other than the homestead is not a residuary bequest in the accepted sense. The provision in Item IV in favor of the nieces and nephews is the residuary bequest, i.e., the disposition of that which is left after satisfaction of the debts, expenses of administration, and the specific and general bequests, or, as sometimes said, that not otherwise disposed of. Nichols v. Swickard, 211 Iowa 957, 960, 961, 234 N. W. 846. Obviously, there can be but one residuary clause. Moran v. Cornell, 49 R. I. 308, 142 A. 605, 607; In re Shepherd's Estate, 152 Or. 15, 41 P. 2d 444, 49 P. 2d 448, 451.

II. Appellants contend that the decision below does violence to the intent of the testator, gathered from the will itself, that the Hartman stock go to his nieces and nephews. Similar contentions have been rejected in analogous cases. It is true that Item III expresses the testator's intent that the stock go to appellants. But Item II as certainly expresses his intent that appellee have a third of his property other than the homestead.

It is probably true that the testator, when he made his will in 1935, supposed that his estate was sufficient so that his wife could receive the home and a third of the balance of his property, without resort to the Hartman stock. It has now been demonstrated that this cannot be done. Both provisions cannot be carried out as written. As is often the case, the testator may have overestimated the value of his estate or he may not have anticipated the sharp increase in rate of the federal estate tax, payment of which is largely responsible for the insufficiency of the estate to satisfy in full both bequests.

In this situation the law presumes that the testator's first concern was for his wife, who held a legal claim against the estate in the form of her dower right, in preference to those having no legal claim on his bounty. Stated differently, it is presumed that the testator would have intended to prefer his wife, had he known of the insufficiency of assets to satisfy both bequests. 4 Page on Wills, Lifetime Edition, 334, 335, section 1501. And see authorities heretofore cited. As one case puts it, unless a contrary intent appears, "The offer of a specific sum in lieu of dower is always to be construed as if the words 'to be paid in full in preference to all other legacies' were added; * * *." Security Co. v. Bryant, 52 Conn. 311, 322, 52 Am. Rep. 599, 601.

It seems to be conceded that the testator and appellee had been married for about fifty-five years at Mr. Hartman's death and that their union was childless. Presumably, appellee was of assistance to her husband in the accumulation of this sizable estate. Nothing appears from the will itself or any extrinsic fact or circumstance indicating any intent not to prefer appellee, in accordance with the recognized presumption.

■■■ III. Appellants contend appellee is estopped to resist the executor's application. Basis for the claim is that appellee, together with the nieces and nephews, signed her consent to an application by the executors for authority to distribute the dividends received from the Hartman stock as provided in Item III of the will; a court order pursuant to the application was made; appellee received a total of $15,702.50, one fourth of six quarterly dividends on the stock (the four nephews and nieces receiving the remaining three fourths of the dividends).

We cannot understand how appellee, by accepting a portion of the dividends given her by Item III, could estop herself from claiming all of the general legacy contained in Item II. She had a right to claim all that the will gave her even though it exceeded the value of her dower. Many courts have so held, commencing with Davenhill v. Fletcher, 27 Eng. Repr. 163, decided in England in 1754. 4 Page on Wills, Lifetime Edition, 334, 336, 337, section 1501, and authorities heretofore cited. Appellee was entitled to accept her share of dividends and still

claim under Item II according to its legal meaning, without being estopped to contend that she was in effect a purchaser for value.

IV. This appeal was taken by John P. and Genevieve M. von Lackum, as executors, trustees, and individual legatees, and by Karl C. von Lackum and DeEtte V. Miller, the other legatees. Appellee contends that the costs of the appeal should be borne by the appellant legatees rather than by the estate, which would impose upon appellee a share of the costs. The executors procured an order, which the record indicates was ex parte, authorizing them to appeal. Appellee does not question the executors' right to appeal. Because they had the right to appeal, however, it does not follow that the costs should be taxed against the estate.

We think the costs of this appeal are properly taxable to the individual appellants and it is so ordered. The real contest is between them and the appellee. The executors as such are indifferent. Had the cause been reversed, the individual appellants alone would have benefited. The appellee is the successful party and the individual appellants the losing parties, within the meaning of section 11622, Code, 1939. As bearing on this question, see In re Estate of Smith, 165 Iowa 614, 146 N. W. 836; In re Estate of McClellan, 192 Iowa 384, 390, 183 N. W. 398, 184 N. W. 749; Manchester v. Loomis, 197 Iowa 1049, 1073, 195 N. W. 958, 198 N. W. 102; Estate of Brown v. Hoge, 198 Iowa 373, 381, 199 N. W. 320; In re Estate of Leighton, 210 Iowa 913, 921, 224 N. W. 543.

The order appealed from is—Affirmed.

All JUSTICES concur.