**In the Matter of the ESTATE of J. O. TWEDT, Deceased.**

**The AMERICAN LUTHERAN CHURCH, Luther College, and Bethany Manor, Inc., Appellees,**

**v.**

**Mabel TWEDT, Executrix of the Estate of J. O. Twedt, Deceased, and Mabel Twedt, Individually, Appellant.**

**No. 53689.**

Supreme Court of Iowa.

Jan. 13, 1970.

Clark & Clark, Ames, for appellant.

Miller, Pearson & Gloe, Decorah, for appellees.

BECKER, Justice.

This declaratory judgment action authorized by rules 261 and 262, Iowa Rules of Civil Procedure, asks the court to determine the source of funds to be used to pay

debts, charges and estate taxes. The trial court determined such expenditures should be made from the residue of the estate. Mabel Twedt, surviving spouse, executrix and the sole residuary legatee, appeals. We affirm.

The case was submitted on the pleadings and a stipulation of fact. J. O. Twedt died January 28, 1967, leaving an estate for inheritance and estate tax purposes of about $700,000. This amount included joint tenancy property of the value of $99,000. The remainder of the estate consists of personal and real property wholly owned by testator. His will (1) appointed his wife as executrix; (2) ordered her to pay his debts and costs of administration as soon as practical after his death; (3) ordered a specifically described farm in Franklin County sold and the proceeds distributed to eleven named charitable beneficiaries and (4) left the entire residue to his wife, Mabel Twedt.

The debts of the estate are insignificant but the costs of administration and the estate taxes are, of course, considerable. In determining the source of funds to pay these charges three sections of our recently enacted Probate Code, chapter 633, Code, 1966, are germane.

Section 633.436: "General order for abatement. Except as provided in section 633.211,[1] shares of the distributees shall abate, for the payment of debts and charges, federal and state estate taxes, legacies, the shares of children born or adopted after the making of a will, or the share of the surviving spouse who elects to take against the will, without any preference or priority as between real and personal property, in the following order:

"1. Property not disposed of by the will;

"2. Property devised to the residuary devisee, except property devised to a surviving spouse who takes under the will;

"3. Property disposed of by the will, but not specifically devised and not devised to the residuary devisee, except property devised to a surviving spouse who takes under the will;

"4. Property specifically devised, except property devised to a surviving spouse who takes under the will;

"5. Property devised to a surviving spouse who takes under the will.

"A general devise charged on any specific property or fund shall, for purposes of abatement, be deemed property specifically devised to the extent of the value of the property on which it is charged. Upon the failure or insufficiency of the property on which it is charged, it shall be deemed property not specifically devised to the extent of such failure or insufficiency.

"633.437 Contrary provision as to abatement. If the provisions of the will, the testamentary plan, or the express or the implied purpose of the devise would be defeated by the order of abatement stated in section 633.436, the shares of distributees shall abate in such other manner as may be found necessary to give effect to the intention of the testator.

"633.449 Payment of federal estate taxes. All federal and state estate taxes (as distinguished from state inheritance taxes) owing by the estate of a decedent shall be paid from the property of the estate, unless the will of the decedent, or other trust instrument, provides expressly to the contrary."

The charitable deduction which would normally be allowed by virtue of the bequest of the Franklin County farm was disallowed by the United States Internal Revenue Service. It reasoned that if section 633.436 applied, the first source of funds for payment of charges is the specific legacy to the named charities. Since the charges, including taxes, exceed the $104,-

1. Section 633.211. Share of surviving spouse if decedent left issue. Not relevant here.

250 net realized from sale of the Franklin County farm, the charitable legatees take nothing. Defendant executrix argues the same position here. She contends section 633.437 has no application to this case because there is no evidence of testator's intent to prefer the charities over testator's wife, it is not within the province of the court to remake testator's will and the result reached works a grave injustice on the surviving spouse.

The trial court disagreed with the executrix, reasoned the will itself manifests testator's intent that the charities should have the proceeds of the farm and the widow should have all the rest. It concluded section 633.437 does apply, the testator's will would be frustrated if the funds were not paid from the residue and so ordered.

The plaintiffs are three of the eleven charitable beneficiaries under Item III of the will. They seek to uphold the trial court's ruling. Otherwise, they take nothing.

 I. State law determines where the burden of federal estate taxes shall fall. United States v. Goodson (8 Cir.), 253 F.2d 900, 902, Annotation 37 A.L.R.2d 169, 170 and Later Case Service. *A Fortiori* the burden of debts, charges and other taxes is also controlled by local law.

 II. We first consider the definition of abatement as used in section 633.-436. It is apparent abatement as used in the section is not limited to situations where there are insufficient funds to pay all debts, charges and legacies in full. In Re Estate of Hartman, 233 Iowa 405, 9 N.W.2d 359, but includes the insufficiency of funds due to the abatement rules set out in section 633.436. In 6 Page on Wills, Bowe-Parker Revision, section 53.1, page 201, we find: " * * * Since insufficiency of assets is very frequently due to the necessity of paying testator's debts before his devises or legacies can be satisfied, abatement is sometimes defined as though the deficiency in the assets were necessarily

due to the payment of testator's debts. These restrictive definitions are too narrow. The term 'abatement' under modern statutes usually applies to the failure of legacies or devises due to insufficiency resulting from any cause.

"The existence of debts which must be paid before legacies and devises, is not the only cause of an insufficiency of assets to pay the legacies and devises in full. This insufficiency may be due to testator's losses during his life; to shrinkage in values, generally unforeseen and often very sudden; to the election of someone, usually testator's wife, not to take under the will; or to testator's belief that he will own more property at his death than he actually does, or that it will be more valuable at his death than it actually is."

Whenever the residuary clause names the surviving spouse the abatement problem will arise under section 633.436 even though there are sufficient funds to pay all debts and charges and all legacies. This is true because the availability of the residuary fund is cut off by the plain terms of the section to the extent of the surviving spouse's interest. Hence limitation of the abatement rules to deficiency in assets because of payment of debts and charges is too narrow a definition if section 633.436 is to be properly interpreted.

 III. If section 633.436 applies to this case, *and section 633.437 does not apply,* the executrix's position is irrefutable. The section evidences a clear intent on the part of the legislature to protect the interest of the surviving spouse. Each section dealing with property that passes under the will specifically protects the property passing to the spouse down to the very last source. Then, and then only, does the legislature make the spouse's share subject to debts and charges. (The legacies will already have been eliminated.)

The Bar Committee Comment found at 47 I.C.A., section 633.436, page 249 reads: "Adapted from section 184 of the Model

Probate Code with codification of Iowa law that share of surviving spouse abates last in the absence of contrary testamentary intent. This section adopts the modern rule of abatement and makes explicit the order in which the share shall abate in the absence of contrary testamentary intent. Real estate is not given priority over personalty. For statutory provisions under the 1962 Code see 633.13, 633.14 and 633.15." The codification of the preference to the widow springs from such cases as In re Estate of Hartman, 233 Iowa 405, 408, 9 N.W.2d 359, where the court held the appellee (spouse) took under the will as a purchaser, hence a specific legacy to nephews and nieces must abate before a general legacy to a spouse who elects to take under the will. But in Hartman, supra, we also added at 233 Iowa 409, 9 N.W.2d 363: " * * * It is, in effect, a matter of contract between husband and wife. The doctrine is applied even though the value of the bequest exceeds the value of her dower, since it is the husband's right to fix whatever consideration he pleases for the surrender of the wife's dower. The rule does not prevail, however, where the will clearly discloses that the testator intended that the provision for his wife should not be preferred over other legacies. The will before us discloses no such intention."

Following section 633.437, I.C.A. the Bar Committee Comment is: "New. A statement of Iowa law." Thus the holding of In re Estate of Hartman, supra, is recognized by the legislature; i. e., in considering abatement matters there is a preference given to the spouse but the preference is not given effect where the will clearly discloses a contrary intent.

The trial court's carefully considered opinion indicates it was fully aware of the background of section 633.437. It then considered the matter of testator's intent: "Now, it was 'the intention of the testator' that the charities should have the proceeds of the Franklin County farm and the widow should have what was left. He expressly said so in paragraphs 3 and 4 of the will.

"The regular order to abate is inapplicable by virtue of Section 633.437 when it would defeat:

"(a) The provisions of the will, or

"(b) The testamentary plan, or

"(c) The express or implied purpose of the devise.

"It appears to the Court that this section must be applied with caution, in order to reconcile it with Section 633.436. Section 633.436 provides that a widow's residuum is taken for taxes after other devises. In every case in which another devise is taken for taxes, the 'express or implied purpose of the devise' is defeated, to some extent, under Section 633.437. * * *

"The Court is clear that this is one of those unusual cases. Consider 'the testamentary plan' alone. Here was a man possessed of substantial resources to provide for his widow. With the joint tenancy property and the property in the estate, even after all taxes are paid and the charitable gift is fulfilled, abundant assets still exist for the widow. Testator selects his favorite charities and sets aside a farm for them. He makes his will and gives them the proceeds of the farm, and the balance to the widow. He had legal counsel and no doubt knew that the charitable gift was deductible.

"Now what would application of regular abatement do? It would wipe out the charitable gift, just contrary to testator's expectations and his testamentary plan. If he had possessed any notion that such result would ensue, he would not have gone to the bother of inserting the charitable gift in the will; to do so was a completely idle act. * * *

"The Court concludes in this particular situation that application of regular abatement would frustrate the testamentary plan so substantially that the estate taxes should fall on the residuum in order to effectuate testator's intention. It seems likely that

this result will also comport with the tax plan of testator and his scrivener. * * *."

In reaching its conclusion the trial court followed the rules recently reiterated in In The Matter of the Estate of Lamp, Iowa, 172 N.W.2d 254, where we said: "Our position in will construction cases was well summarized in In re Estate of Larson, 256 Iowa 1392, 1395, 131 N.W.2d 503, 504. There we said the law is well settled (1) the testator's intent is the polestar and if expressed must prevail; (2) his intent must be gathered from a consideration of (a) all the language contained in the four corners of his will, (b) his scheme of distribution, (c) the circumstances surrounding him at the time he made his will, (d) the existing facts; and (3) technical rules or canons of construction should be resorted to only if the language of the will is clearly ambiguous or conflicting or the testator's intent is for any reason uncertain. (Citations)."

The court also gave careful consideration to In re Estate of Tedford, 258 Iowa 890, 140 N.W.2d 908; Bergren v. Estate of Mason, Iowa, 163 N.W.2d 374; In re Estate of Hartman, supra; Zion Lutheran Church v. Lamp Executors, 260 Iowa 363, 149 N.W.2d 137; Webster, Decedent's Estates, Succession and Administration, 49 Iowa L. Rev. 638, 674, as well as to the statutes as amended. All of these authorities have a bearing on the problem but need not be examined in detail here.

We need not consider the impact of section 633.449 except insofar as it upholds the court's finding that the estate taxes cannot be taken from the joint property. Since we adopt the reasoning of the trial court in reaching its conclusion we do not pass on the arguments made by plaintiffs wherein they seek to uphold the decision on other grounds. Such arguments are wholly proper but unnecessary here.

Affirmed.

All Justices concur, except REES, J., who takes no part.