**Esther Brocka FOLKERDS, Executor of the Estate of A. C. Brocka, Deceased, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 73–1600.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1973.

Decided March 26, 1974.

Allen E. Brennecke, Marshalltown, Iowa, for plaintiff-appellant.

Richard Farber, Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before GIBSON and ROSS, Circuit Judges, and TALBOT SMITH,* Senior District Judge.

TALBOT SMITH, Senior District Judge.

This is an action brought pursuant to 28 U.S.C. § 1346(a)(1) (1970) to recover $17,001.25 in federal estate taxes alleged to have been overpaid by the estate of A. C. Brocka. The facts are not in dispute. The controversy centers on whether, under Brocka's will and Iowa law, certain property passing to the surviving spouse abates for the purpose of paying debts, costs of administration and federal estate taxes. If it does abate, there will be no marital deduction [1] (since no corresponding interest passed to the surviving spouse), and the federal estate tax will be substantially increased. Such is the Government's position. On the other hand if, as the taxpayer argues, the widow's share abates last (arguably according to statute) there will be a sizeable marital deduction and the estate tax has been overpaid, since the larger tax was paid under protest, and suit filed therefor in the District Court. The case was heard on cross motions for summary judgment and the taxpayer's complaint dismissed. The estate appeals.

A. C. Brocka died testate in Butler County, Iowa, July 24, 1969. He was survived by his wife, Mary Ellen Brocka, and his daughter, Esther Brocka Folkerds. In brief, his will,[2] after providing that his debts be paid, devised a life-estate in four pieces of real estate to his wife, the remainder to his daughter, "My wife to receive the rest residue and remainder of my estate, except [a fifth property devised in fee to the daughter]." At his death the equity in the first four pieces of real estate was valued at $178,667. The fifth property was worth $70,000, and the residue, consist-

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. Int.Rev.Code of 1954, § 2056 provides in part:

(a) *Allowance of marital deduction.*

For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

(b) *Limitation in the case of life estate or other terminable interest.*

\*      \*      \*      \*      \*

(4) *Valuation of interest passing to surviving spouse.*

In determining for purposes of subsection (a) the value of any interest in property passing to the surviving spouse for which a deduction is allowed by this section—

(A) there shall be taken into account the effect which the tax imposed by section 2001, or any estate, succession, legacy, or inheritance tax, has on the net value to the surviving spouse of such interest \* \* \*.

2. LAST WILL and TESTAMENT of A. C. Brocka.

I, A. C. Brocka, being of lawful age, of sound and disposing mind and memory and a resident of Butler County, Iowa, do hereby make, publish and declare this to be my Last Will and Testament and I hereby revoke any and all Wills and/or Codicils by me heretofore made.

ITEM ONE. I direct that the cost of my last illness, my funeral expense and the cost of the administration of my estate and my legal debts be first paid.

ITEM TWO. I give, devise and bequeath unto Mary Ellen Brocka for the period of her natural life the use, income and control of all of the real estate hereinafter described to-wit:

[Here follows four described parcels of real estate.]

for the period of her natural life she to have the use, income and control thereof as long as she may live with the remainder over to my daughter, Esther Brocka-Folkerds and her heirs forever. My wife to receive the rest residue and remainder of my estate, except Item Three heroff [sic].

ITEM THREE. I give, devise and bequeath [a fifth described parcel] to my daughter, Esther Brocka-Folkerds, and her heirs forever.

ITEM FOUR. I hereby nominate and appoint my daughter, Esther Brocka-Folkerds, as executrix of this my Last Will and Testament she to act without the necessity of the giving of any bond, for the faithful performance of her duties as such.

In witness whereof I have hereunto subscribed my name at the town of Parkers-

ing of both real and personal property, was valued at $65,367.45.[3]

It is this latter sum, less $3,726.01 Iowa inheritance tax, which the taxpayer claims as the marital deduction. The government contends, and the trial court found, that no deduction is allowable since some $12,640.42 in debts and expenses and $59,495.04 in federal estate tax are chargeable against this residuary bequest and the widow therefore took nothing thereunder.[4]

The issue, then, relates to abatement; specifically, whether the debts, charges and federal estate tax are taken from the widow's interest or that of the daughter. This is a matter to be determined by Iowa law. Riggs v. Del Drago, 317 U.S. 95, 63 S.Ct. 109, 87 L. Ed. 106 (1942). The Code of Iowa § 633.436 (1971) provides in part as follows:

> *General order for abatement.* Except as provided in section 633.211 [not applicable here], shares of the distributees shall abate, for the payment of debts and charges, federal and state estate taxes, legacies, the shares of children born or adopted after the making of a will, or the share of the surviving spouse who elects to take against the will, without any preference or priority as between real and personal property, in the following order:
>
> 1. Property not disposed of by the will;

2. Property devised to the residuary devisee, except property devised to a surviving spouse who takes under the will;

3. Property disposed of by the will, but not specifically devised and not devised to the residuary devisee, except property devised to a surviving spouse who takes under the will;

4. Property specifically devised, except property devised to a surviving spouse who takes under the will;

5. Property devised to a surviving spouse who takes under the will.

It is further provided, to the contrary, in § 633.437:

> *Contrary provision as to abatement.* If the provisions of the will, the testamentary plan, or the express or the implied purpose of the devise would be defeated by the order of abatement stated in section 633.436, the shares of distributees shall abate in such other manner as may be found necessary to give effect to the intention of the testator.

These provisions were enacted in 1963 as part of a comprehensive codification known as the Iowa Probate Code. The Chairman of the committee which drafted the Code referred to these provisions as "a codification of the present Iowa case law."[5] Section 633.436 is an attempt to approximate the probable intent of the majority of testators had the

---

burg, Butler County, Iowa, this 16 day of February, A.D. 1959.

/s/ A. C. BROCKA

3. Estate Tax Return, Schedule M.

4. The issue before us concerns only the taxpayer and the government. In a declaratory judgment action in state court between the estate of A. C. Brocka and the estate of Mary Ellen Brocka (who died less than a month after her husband) it was determined, contrary to the decision before us, that the gifts to the surviving spouse would be last to abate. The government was not a party to that action and the issue of abatement was not a matter in controversy.

5. Webster, "Decedents' Estates: Succession and Administration," 49 Iowa L.Rev. 638, 651 (1964).

Reasoning that a widow's election to take under the will renders her a "quasi creditor," the court in In re Hartman's Estate, 233 Iowa 405, 409, 9 N.W.2d 359, 362 (1943), held that the widow must take the full value of her bequest, whether general or specific, unless the "will clearly discloses that the testator intended that the provision for his wife should not be preferred over other legacies." *Hartman* was extended to give preference to a widow who took under a residuary clause in Nolte v. Nolte, 247 Iowa 868, 879–890, 76 N.W.2d 881, 888–889 (1956).

matter been brought to their attention.[6] It also promotes the policy of the election statutes, Code of Iowa §§ 633.236–633.246 (1971), that the surviving spouse of a decedent be assured an ample share of his estate.[7]

The sections of the Iowa Code above quoted were examined in detail in In re Estate of Noe, 195 N.W.2d 361, 363 (Iowa 1972), in which it was held:

> Abatement, in Iowa, is generally governed by § 633.436, which specifically delineates the order in which bequests stand aside in deference to estate claims. The background and intent of this statute was discussed at length in the recent case of In re Estate of Twedt, 173 N.W.2d 545, 547 (Iowa [1970]), where we said:

> "The section evidences a clear intent on the part of the legislature to protect the interest of the surviving spouse. Each section dealing with property that passes under the will specifically protects the property passing to the spouse down to the very last source. Then, and then only, does the legislature make the spouse's share subject to debts and charges. (The legacies will already have been eliminated.)

> "The Bar Committee Comment found at 47 I.C.A., section 633.436, page 249 reads: 'Adapted from section 184 of the Model Probate Code with codification of Iowa law that share of surviving spouse abates last in the absence of contrary testamentary intent. This section adopts the modern rule of abatement and makes explicit the order in which the share shall abate in the absence of contrary testamentary intent. * * *.' The codification of the preference to the widow springs from such cases as In re Estate of Hartman, 233 Iowa 405, 408, 9 N.W.2d 359, where the court held the appellee (spouse) took under the will as purchaser, hence a specific legacy to nephews and nieces must abate before a general legacy to a spouse who elects to take under the will."

In substance, § 633.437 provides for a contrary order of abatement only in that unusual case where the general scheme provided for in § 633.436 would defeat (1) provisions of the will, (2) the testamentary plan, or (3) the express or implied purpose of the devise. In re Estate of Kraft, 186 N.W.2d [628] * * * 631 [(Iowa 1971)]; In re Estate of Twedt, 173 N.W.2d 545, 548 [(Iowa 1970)].

In the case before us the general order of abatement was not followed but rather the contrary order of abatement, § 633.437. This latter section had its genesis in the realization by the drafting committee that there might be cases where the testator would desire or intend not to give his surviving spouse the priority in abatement specified in the statutory general order.[8] In such event, it was provided, abatement might be ordered by the court in such other manner "as may be necessary to give effect to the intention of the testator." (§ 633.437). It is clear, however, that this situation must be an "unusual case"[9] and one where the will "construed as a whole" must disclose "in sufficiently clear and explicit terms"[10] the contrary intent required. Unless, indeed, the requirement of strict and explicit terms to

6. Webster, *supra* note 5, at 651. See In re Hartman's Estate, 233 Iowa 405, 411, 9 N.W.2d 359, 363 (1943): "[T]he law presumes that the testator's first concern was for his wife * * * [I]t is, presumed that the testator would have intended to prefer his wife, had he known of the insufficiency of assets to satisfy both bequests."

7. *See* In re Hartman's Estate, 233 Iowa 405, 9 N.W.2d 359 (1943).

8. Webster, *supra* note 5, at 651.

9. In re Estate of Noe, 195 N.W.2d 361, 363 (Iowa 1972).

10. *Id.* at 364.

express a contrary intent is followed with scrupulous caution, the dispositions of the testator may well be nullified by a reviewing court according to that court's view of the deserving equities of the parties before it at the time of probate. The argument pressed is that, weighing the equities against the testamentary dispositions, the testator must have "intended" the contended-for result in view of the manifest unfairness of holding otherwise. Such, however, is not the statutory command.

The leading Iowa cases in this area are cited and relied upon by both parties hereto. In re Estate of Noe, 195 N.W.2d 361 (Iowa 1972); In re Estate of Kraft, 186 N.W.2d 628 (Iowa 1971); In re Estate of Twedt, 173 N.W.2d 545 (Iowa 1970). These decisions make clear that the testator must have employed "clear and explicit terms" in order to justify application of the "contrary provision as to abatement," § 633.-437, a conclusion we find unwarranted by the terms of the simple will before us, *supra* note 2.[11]

In our consideration of the issues presented we have given great weight to the determination of the Iowa law reached by the District Judge, experienced as he is in the law of the state, but appellant is entitled to a review by us of that determination just as she is of any other legal question in the case.[12] We find, as we noted heretofore, such determination to be unwarranted by the Iowa law upon the facts before us, and that the shares should abate in accordance with the provisions of § 633.436.

Reversed and remanded for proceedings consistent herewith.

---

11. The trial court's conclusion that "one of the two devises must go—either the farm to the daughter or the residue to the wife" involves a mathematical inaccuracy if we construe the words "must go" to involve the total obliteration of an interest such as was found in In re Estate of Twedt, 173 N.W.2d 545 (Iowa 1970). The application of the general order of abatement results in charges against the daughter's share of about $55,000. She received a fee interest in one parcel worth $70,000 in addition to a remainder interest in four other properties.

12. Owens v. Childrens Memorial Hosp., 480 F.2d 465, 467 n. 3 (8th Cir. 1973).